# Exhibit

# 10

1   Michael St. James, CSB No. 95653
    ST. JAMES LAW, P.C.
2   155 Montgomery Street, Suite 1004
    San Francisco, California  94104
3   (415) 391-7566 Telephone
    (415) 391-7568 Facsimile
4   michael@stjames-law.com

5   Counsel for York Credit Opportunities Fund, L.P.

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9

10  In re                                    )   Case No.  03-51775 through 03-51778
                                             )   Chapter 11
11  SONICBLUE INCORPORATED et al.            )   DATE:        June 14, 2007
                              Debtor.        )   TIME:        1:30 p.m.
12  _____ )   JUDGE:       Hon. Marilyn Morgan

13

14

15
                    **OBJECTION TO TRUSTEE'S PROPOSED COUNSEL**
16

17

18

19

20

21

22

23

24

25

26

27

28

I. **SUMMARY**

When a trustee is appointed to solve problems in a case that has gone off the track, he might reasonably expect increased deference to his business decisions. Similarly, a trustee's choice of counsel is generally entitled to substantial deference and ordinarily should not be questioned. In this case, however, the Trustee's selection of counsel is so inapt and insensitive that reconsideration and revision must be urged, ideally by the Trustee himself, but if not, with the encouragement of the Court.

II. **ALSTON & BIRD**

Ever since the days of Referee Cowans – indeed, since the days when Referee Abrott rode circuit to San Jose before him – it has been the invariable practice in the Northern District of California to have truly independent trustees: trustees who were free of all financial involvement in the insolvency community, and received no professional consideration whatsoever other than the compensation they were awarded by the Court. The standing trustees were not members of law firms, accounting firms or other business ventures and maintained complete financial independence from the professionals they employed. The trustees who were also attorneys were solo practitioners, and did not employ themselves as counsel except in *de minimus* circumstances; e.g., where attorney fees would be less than $1,000. And even that was a rare and unusual event.

Admittedly, the practice in the Northern District of California is far from the national norm. Outside of the Northern District of California, trustees are often members of law firms, and often retain their law firms as counsel in their own cases. Indeed, in many places a standing trustee acts as his law firm's "loss leader", failing to "earn his keep" from trustee fees, but amply justifying a position of prominence in the firm through his ability to generate revenues by employing his own firm as his counsel, or by trading the favor with other trustees in other law firms.

The pernicious consequences of this practice seem palpable. I have had the privilege of representing a number of trustees in the Bay Area, all of whom have weighed my advice very independently, and all of whom have demonstrated ongoing and sincere concern about minimizing the attorney's fees they incur on behalf of the estate. It is not obvious that were the trustee to be my law partner, s/he would necessarily have acted the same way. It is not mere provincialism to think that the practice of insisting on financially independent trustees is salutary.

Regardless of the merits of the question in general, in this case the Trustee's decision to retain his own law firm as his general counsel seems tin-eared.[1] In its decision to appoint a trustee, the Court expressed the need for "a strong, *neutral* trustee, who has *no connections* to any interested party"; a "strong and *disinterested* trustee" (emphasis supplied).[2] The Court also noted that the appointment of a trustee was appropriate because of a prior and apparently pathological reliance on counsel: various parties "have questioned whether [the Debtor's Responsible Individual] has relinquished his management responsibilities to [his counsel]."[3]

---

[1]    The *entirety* of his explanation for this decision is:

> 11.    Because of the extreme importance of the issues in this case, the analysis needed, and their resolution [sic], the ability I have to work with lawyers whom I have known for twenty years and in whose independent judgment and analytical ability I have full and complete confidence is essential to the expeditious and appropriate resolution of the very significant issues in this case. It is respectfully submitted that in this unusual setting, alternative counsel would not be best suited to assist the Trustee in completing his job.

Alston & Bird Employment Application, 5:14-20. It is respectfully submitted that a person with Mr. Connolly's stature, extensive background and experience must know some lawyers, somewhere in the country "in whose independent judgment and analytical ability I have full and complete confidence" who are not also members of his own law firm.

[2]    Memorandum Decision and Order on Trustee, Conversion & Disqualification Motions, 16:12, 18:24 (hereinafter "Trustee Decision"). Indeed, in the Alston & Bird Employment Application, the Trustee inexplicably suggests that the mandate to select someone "without connections to this case" "applies equally to the selection of counsel for the Trustee"… but he then selects his own partners! See, Application, , ¶5 at 3:14-17.

[3]    Trustee Decision, 16:13-15.

More fundamentally, the problems that led to the appointment of the Trustee turned on the connections of counsel to the business dynamics of the case. There was at least the appearance that PWSP's potential exposure to the bondholders led that firm to negotiate provisions of the VIA settlement that were favorable to the bondholders, but not otherwise beneficial to PWSP's client.[4] There were suggestions that Committee counsel's "conduct was a self-interested act to protect its referral sources."[5] Most critically, the Court noted that "there have been serious allegations that the case is being run by and for the benefit of counsel."[6]

Entering the case in this extraordinary context, the Trustee was expected to "clean house", and in doing so, it was important for the Trustee to conduct himself as "Caesar's wife," selecting truly independent professionals based exclusively on their suitability to the task at hand. While he may have done so with the best of intentions, the Trustee's decision to select his own law firm to act as his counsel in this case demonstrated a remarkable insensitivity to both a salutary local practice and the extraordinary and pathological context of the case into which he was appointed. He should select general counsel that is entirely independent of *all* persons in the case.

---

[4]     Trustee Decision, 14:23 – 16:6

[5]     Trustee Decision, 18:13-14.

[6]     Trustee Decision, 18:25; and see, Transcript of February 15, 2007 Hearing, 15:14-17.

MR. SHAFFER: What was missing in this case, Your Honor, was a client. One of the things that keeps the professionals in line, in direction, is a client.

THE COURT:     That's true.

Here, the Trustee proposes that the lawyer and the client be members of the same law firm, feeding from the same trough.

III.    LOCAL COUNSEL

The Trustee has selected Friedman, Dumas & Springwater, LLP ("FD&S") to act as his "local counsel". No legitimate question can be raised respecting FD&S's competence or disinterestness, its sophistication or its judgment. Rather, reasonable concerns can be raised about whether FD&S is "local".

The objective involved in retaining local counsel is ordinarily two-fold: to obtain the insights of a capable attorney who is intimately familiar with practice before the Court in question, and to obtain the assistance of counsel whose proximity to the courthouse will allow routine matters to be handled inexpensively. It is at least possible that some of the problems that arose in this case resulted from staffing the case exclusively with counsel who practiced many hundreds of miles from the courthouse and were not sensitive to local practice and the expectations of the local community. While FD&S is a perfectly capable and effective law firm, it too practices more than an hour away from the courthouse, it does not often appear in proceedings in the San Jose Division, and it very rarely engages in court-appointed representations in the San Jose Division. (For example, according to the Court's website, it received no awards of compensation in the San Jose Division in either 2005 or 2006.)

If there were no capable local firms, or if all of the capable local firms had conflicts, the decision to retain FD&S as local counsel would be understandable. But when there is at least one disinterested premier bankruptcy boutique which routinely engages in court-appointed representations, practices in the San Jose Division on a daily basis and is located within miles of the courthouse, it is difficult to understand the wisdom of retaining FD&S as "local" counsel instead.

IV.    INTERIM APPROVAL SHOULD NOT BE GIVEN WEIGHT

The Court entered Orders approving *ex parte* the employment of the Trustee's counsel on an interim basis, pending the instant hearing. It will no doubt be argued that they have done much work in

reliance on those Orders, the benefit of which will be lost if their on-going retention is denied. Obviously, the extent to which there will be a loss of work product and its impact on the estate is difficult to measure.[7]

That argument should be summarily rejected, especially in this case.  If the choice of counsel is wrong, it should not be condoned out of expediency.  The value of this District's practice of requiring financially disinterested trustees – of doing the right thing – is far more significant than some possible loss in legal fees or a slight additional delay in a four-year old case.  The fact that an interim approval of the Trustee's counsel has "grown roots" should not be permitted to control the Court's decision on the merits.  *Compare*, LoPucki, Lynn, COURTING FAILURE (2005) at p. 38-9 (noting that an argument often used in forum shopping cases to justify denying motions to change venue is that "the case grew roots" immediately after the First Day Motions were granted).

If there is any case in which the "roots" should have little significance, this is that case:  there is no operating business, there are no urgent issues (and there have been none since the Trustee's appointment), and the expense associated with severing the roots will be trivial in comparison to the current cash assets of the estate.  If ever there was a case where the Court could make the right decision without deferring to interim counsel's "roots," this is it.

### V.    RECONSTITUTED CREDITORS COMMITTEE

It is unfortunate the that ordinary institutional framework of a Chapter 11 case, in which an active Creditors Committee exists as an interlocutor with the representative of the estate, is absent here.

---

[7]    Transitioning cases from law firm to law firm is a fact of life in the current business environment.  Clearly draft Plans and Disclosure Statements can be transferred, as can the results to date of investigations.  Some knowledge and information may nonetheless be lost, but in this case, we are talking about only a couple of months' efforts at most.

Such a Committee might have provided the Trustee with advice on the instant issues, and others, in a more informal and cooperative context than a contested motion.

The Court has already noted that the existing Committee is dominated by the senior bondholders who appeared to have been advancing a "hidden agenda", potentially in breach of their fiduciary duty to other creditors.[8]    The senior bondholders are now defendants in a lawsuit which alleges that their conduct on the Committee constituted a breach of their fiduciary duties.  *See*, Adversary Proceeding, 07-05082.  The Court expressed concerns about the conduct of counsel for the existing Committee in connection with these matters.[9]    The Court concluded that there was "at least the appearance of impropriety by the committee and [Committee counsel]."[10]

In these circumstances, laboring under this cloud, it seems clear that the existing Committee cannot adequately fulfill the role contemplated by the Bankruptcy Code, or even meaningfully participate in the administration of the case.  Perhaps that recognition led the Court to suggest consideration of "whether the Committee should be reconstituted."  Transcript of February 15, 2007 Hearing, 6:21-23.  Clearly, the only real alternative to reconstituting the Committee is the explicit or implicit abolition of the Creditors Committee role in this case.

The Office of the United States Trustee apparently favors the last alternative.  It has informally advised that it does not intend to take any steps toward the reconstitution of the Committee in the near future.   York believes that the Trustee, creditors and the estate would benefit from the participation of a Committee that could and would fulfill its statutory role in this case; York would be eager to participate in such a Committee. But in any event, York submits, the decision regarding the Committee's future

---

[8]     Trustee Decision, 17:4:17; Memorandum Decision and Order on Motion of Senior Noteholders for Clarification, 3:5-14.

[9]     Trustee Decision, , 17:18- 25.

[10]     Trustee Decision, 16:28.

should be explicit: it is inappropriate silently to abolish the Creditors Committee role in this case by leaving in place a Committee incapable of acting. Either the Committee should be explicitly abolished, or it should be reconstituted so that it can play the role Congress envisioned for it.

## VI.    CONCLUSION

In general, there is nothing salutary or appealing about a trustee retaining his own firm to act as his counsel in a case, and for those not habituated to the practice, it seems strikingly inappropriate. Regardless of the merits of the practice in general, this is clearly the wrong case to serve as the vehicle to import that practice into this District.

Where a Trustee has been appointed in the context of fears that the Responsible Individual relinquished his management responsibilities to his counsel, where there is a perception that the "case is being run by and for the benefit of counsel", it is imperative that the Trustee *not* choose his own law firm to run the case.

Rather, this decision demonstrates that the case cries out for an active Creditors Committee, one that could act as a constructive interlocutor with the Trustee. The Creditors Committee role in this case should not be the subject of a silent "pocket veto."  The Committee should either be expressly abolished or it should be reconstituted: implicit abolition by preserving in place a Committee that is unable to act is not an appropriate alternative in a process that is intended to be fair, open and entirely transparent.

Respectfully submitted,

DATED:  June 7, 2007                    ST. JAMES LAW, P.C.


By:  /s/  *Michael St. James*   .
                Michael St. James
            Counsel for York Credit Opportunities Fund, L.P.

# Exhibit

# 11

1  Michael St. James, CSB No. 95653
   ST. JAMES LAW, P.C.
2  155 Montgomery Street, Suite 1004
   San Francisco, California  94104
3  (415) 391-7566 Telephone
   (415) 391-7568 Facsimile
4  michael@stjames-law.com

5  Counsel for York Credit Opportunities Fund, L.P.

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 In re                              )    Case No.  03-51775 through 03-51778
                                      )    Chapter 11
12 SONICBLUE INCORPORATED et al.      )
                     Debtor.          )    [No Hearing Set]
13 _____)

14

15

16

17        ***EX PARTE* APPLICATION TO PERMIT UNTIMELY OBJECTION**
                **AND TO EXTEND ORAL ARGUMENT**

18

19

20

21

22

23

24

25

26

27

28

The *ex parte* Application of York Capital Opportunities Fund (hereinafter "York") to permit the untimely filing of an Objection to the Trustee's Proposed Counsel and for an extension of oral argument thereon respectfully represents as follows:

1.    York is the holder of an allowed unsecured claim in the amount of $812,000. York acquired the claim on June 6, 2007 and filed its Notice of Assignment pursuant to Fed. R. Bankr. P. 3001(e) on June 7, 2007. York has retained as its counsel herein St. James Law, P.C.

2.    York desires to oppose the Trustee's Applications to Employ Counsel. So as to provide the affected parties with as much notice as practicable, York filed and served its Objection to Proposed Counsel on June 7, 2007.

3.    The Court's Interim Orders approving the Trustee's proposed counsel set May 31, 2007 as a deadline for the timely filing of Objections to the Employment Applications. York was unable to file a timely Objection. Through this Application, York prays that the Court permit its untimely Objection to be considered.

4.    The Court previously set a hearing on the Employment Applications for June 14, 2007 at 1:30 p.m.

5.    York advised counsel for the Trustee of the relief that would be sought herein and has offered to consent to a continuance of the hearing on the Objection so as to provide the Trustee additional time to consider and respond to the Objection.

6.    It is York's desire that its counsel present oral argument in opposition to the Employment Applications at the hearing thereon.

7.    York's counsel is a Panelist in a State Bar Program from 1:00 p.m. to 2:00 p.m. on June 14, 2007. York's counsel believes that he can conclude the program and be present in Court not later than 2:30 p.m. on June 14, 2007. York therefore requests that the Court extend the time for oral

argument on the Employment Applications through 2:30 p.m. on June 14, 2007, or permit York's counsel to argue its opposition at some other date and time of the Court's convenience.

8.      York advised counsel for the Trustee that this request would be made.  Counsel declined to take a position on the request, unless asked to do so by the Court.

9.      York is informed and believes, after a review of the docket, that no other Objection to the Employment Application, timely or otherwise has been filed herein.

WHEREFORE, York prays that the Court make and enter its Order:

1.      Determining that, under the circumstances, parties in interest have received adequate notice and an opportunity to be heard;

2.      Extending time and permitting York's Objection to Proposed Counsel to be treated as timely and considered on the merits;

3.      Extending the time for oral argument on the Trustee's Applications to Employ Counsel through 2:30 p.m. on June 14, 2007 or permitting York's counsel to argue its opposition at some other date and time of the Court's convenience; and

4.      Granting such other and further relief as may be just and proper.

Respectfully submitted,

DATED:  June 7, 2007                      ST. JAMES LAW, P.C.


By:  _/s/  Michael St. James_   .
                      Michael St. James
                      Counsel for York Credit Opportunities Fund, L.P.

# Exhibit

# 12

Michael St. James, CSB No. 95653
St. James Law, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for York Credit Opportunities Fund, L.P.

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

SONICBLUE INCORPORATED et al.
                                    Debtor.

Case No. 03-51775 through 03-51778
Chapter 11

[No Hearing Set]

## DECLARATION OF MICHAEL ST. JAMES IN SUPPORT OF *EX PARTE* APPLICATION TO PERMIT UNTIMELY OBJECTION AND TO EXTEND ORAL ARGUMENT

I, Michael St. James, declare under penalty of perjury:

1.      I am an attorney at law, licensed by and in good standing with the Bar of this State, and admitted to practice before this Court. I am the sole employee and officer of St. James Law, P.C., counsel of record herein for York Capital Opportunity Fund. I make this Declaration of my own personal knowledge, and if called as a witness I could and would competently testify as follows:

2.      In April of 2007 I agreed to serve as a panelist in a program entitled "New Adventures in Fee Collection – Drafting and Enforcing Attorneys' Fee Clauses in Bankruptcy Cases After *Travelers*" (the "*Travelers* Program") sponsored by the Insolvency Law Committee of the State Bar of California. On May 17, 2007, the Insolvency Law Committee gave notice to its members that the *Travelers* Program had been scheduled for June 14, 2007, to be conducted between 1:00 p.m. and 2:00 p.m. A true and correct copy of an e-mail notification regarding the program is attached hereto as Exhibit 1.

3.      The *Travelers* Program, scheduled to run from 1:00 p.m. to 2:00 p.m. on June 14, 2007, conflicts with the hearing on Employment Applications in this case, which is set for 1:30 p.m. on June 14th. I inquired whether the time of the *Travelers* Program could be shifted, but was advised that it could not be.

4.      The format of the *Travelers* Program is a "webinar" with panelists appearing telephonically, accompanied by a PowerPoint presentation on a web site. I have requested that colleagues whose offices are proximate to the Court allow me to conduct my participation in the *Travelers* Program webinar from their office so that I could get to Court as rapidly as possible after the conclusion of the *Travelers* Program. Nonetheless, I expect that up to 30 minutes will be required to travel from such an office to the Court, pass security and make it into the Courtroom.

5.      On June 6, 2007, I spoke with Grant Stein, a member of Alston & Bird with responsibility for the representation of the Trustee in this case. I advised Mr. Stein that York intended to file an Objection to the Employment Applications. I acknowledged that the Objection would be

untimely, and stated that I would ask the Court nonetheless to permit it to be considered. I also explained the conflict associated with my participation in the *Travelers* Program, and advised him that I would be seeking an extension or modification of the time for oral argument on the Employment Applications so as to accommodate it.

6. Mr. Stein told me that the Trustee would not take a position on my request unless asked to do so by the Court. In retrospect, although I thought that his comment related to my efforts to seek relief respecting both the untimeliness of the Objection and my scheduling concerns, it is possible that he intended to refer to only one or the other.

7. At approximately 8:35 a.m. on June 7, 2007, I transmitted by e-mail courtesy copies of York's Objection to Proposed Counsel to the Trustee, his counsel and the U.S. Trustee. In my cover e-mail, I advised them that I would be willing to consent to a continuance of the hearing, so as to afford them additional time to consider and respond to the Objection. A true and correct copy of that e-mail is attached hereto as Exhibit 2.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed in San Francisco, California on June 7, 2007

 /s/ *Michael St. James*  .
Michael St. James

# Exhibit

# 1

**Michael St. James**

| | |
|---|---|
| **From:** | Mark Porter [MPorter@Fenwick.com] |
| **Sent:** | Thursday, May 17, 2007 4:17 PM |
| **To:** | Sections: Bus Law Insolvency Constituency List |
| **Subject:** | ILC: June 14th Webinar on Traveler's and Attorneys Fees in Bankruptcy |

---



**Insolvency Law Committee - Business Law Section of the State Bar of California**

# Bankruptcy e-Bulletin

**Mark E. Porter**
Chair
Fenwick & West LLP
555 California St , Suite 1200
San Francisco CA 94104
415-875-2363
FAX 415-281-1350
mporter@fenwick.com

**Donna T. Parkinson**
Vice Chair
Parkinson Phinney
400 Capitol Mall #2540
Sacramento CA 95814
916-449-1444
FAX 916-449-1440
donna@parkinsonphinney.com

May 17, 2007

Dear Insolvency Law Committee Constituency List Members:

On June 14, 2007, at 1:00 p.m. Pacific Time, The Insolvency Law Committee of the California State Bar will present a Webinar entitled, "New Adventures in Fee Collection -- Drafting and Enforcing Attorneys' Fee Clauses in Bankruptcy Cases After *Travelers*."

This one hour program will review the recent United States Supreme Court case of Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co, its potential impact on the recovery of attorneys' fees in bankruptcy cases for creditors, debtors and trustees under applicable California law and what practitioners might consider in drafting attorneys' fees clauses in light of the Travelers decision.

The panelists will include:

Lisa Hill Fenning of Dewey Ballantine LLP
Gary Kaplan of Howard Rice Nemerovski Canady Falk & Rabkin, a Professional Corporation
Michael St. James of St. James Law, P.C.

This program is certified for 1 hour of live, participatory CLE credit. The cost is $55.

HOW TO REGISTER:

1) Go to http://www.legalspan.com/calbar/catalog.asp

2) click on the "View New" link next to "Choose a Subject Area".

3) Scroll down and locate the program entitled, "New Adventures in Fee Collection -- Drafting and Enforcing Attorneys" Fee Clauses in Bankruptcy Cases After *Travelers*," then click on "Add to Cart." The program will then be added to your shopping cart.

4) Click "secure checkout" and follow the directions.

If you have any trouble signing up for the program, please contact or the undersigned. We hope you will join us on June 14, 2007 for this informative program.

Thank you for your continued support of the Committee.

Best regards,
Donna T. Parkinson
Parkinson Phinney
donna@parkinsonphinney.com

The Insolvency Law Committee of the Business Law Section of the California State Bar provides a forum for interested bankruptcy practitioners to act for the benefit of all lawyers in the areas of legislation, education and promoting efficiency of practice. For more information about the Insolvency Law Committee, please see the committee's Web site: **www.calbar.org/buslaw/insolvency**.

These periodic e-mails are being sent to you because you expressed interest in receiving news and information from the Insolvency Law Committee of the State Bar of California's Business Law Section. If you no longer wish to receive these communications or you have a new e-mail address -- or if you have a friend or colleague who would like to add his or her e-mail address to our distributions list, please contact Susan Orloff, Section Coordinator of the Business Law Section.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

---

You are currently subscribed to sec-bus-insolvency2 as: michael@stjames-law.com.
To unsubscribe send a blank email to leave-2164667-60626H@calbar.org

# Exhibit

# 2

**Michael St. James**

| | |
|---|---|
| **From:** | Michael St. James [michael@stjames-law.com] |
| **Sent:** | Thursday, June 07, 2007 8:35 AM |
| **To:** | Dennis J. Connolly (dennis.connolly@alston.com); Stein, Grant; cdumas@friedmuspring.com |
| **Cc:** | Nanette.dumas@usdoj.gov; Ron Bender (rb@lnbrb.com) |
| **Subject:** | Sonic Blue:  Employment of Counsel |
| **Attachments:** | Objection to Counsel.pdf |

Attached is a courtesy copy of an Objection to Proposed Counsel that we will shortly file with the Court.

As I mentioned to Grant yesterday afternoon, we were unable to file it timely, and will shortly be applying to the Court to extend time so that it may be considered.  I would be very happy to agree to a continuance of the hearing to provide you with more time to consider or respond to the Objection.

Finally, I hope it goes without saying that it is not my intent in any way to disparage or question the abilities or professionalism of any of the counsel.  We simply think they are the wrong firms for this case.

Best regards,

Michael St. James
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA.  94104

415-391-7566  (Voice)
415-391-7568  (Fax)
www.stjames-law.com

1

# Exhibit

# 13

1    FRIEDMAN DUMAS & SPRINGWATER LLP
     CECILY A. DUMAS (S.B. NO. 111449)
2    150 Spear Street, Suite 1600
     San Francisco, CA 94105
3    Telephone Number: (415) 834-3800
     Facsimile Number: (415) 834-1044
4
     ALSTON & BIRD LLP
5    GRANT T. STEIN
     1201 West Peachtree Street
6    Atlanta, GA 30309
     Telephone Number: (404) 881-7000
7    Facsimile Number: (404) 881-7777
     (admitted *pro hac vice*)
8
     Attorneys for Dennis J. Connolly, Chapter 11 Trustee
9

10                  UNITED STATES BANKRUPTCY COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

13
     In re                              Case No. 03-51775 through 03-51778
14
     SONICBLUE INCORPORATED, a           Chapter 11 Cases
15   Delaware corporation, DIAMOND
     MULTIMEDIA SYSTEMS, INC., a         Jointly Administered
16   Delaware corporation, REPLAYTV,
     INC., a Delaware corporation, and   **REPLY MEMORANDUM OF DENNIS J.**
17   SENSORY SCIENCE CORPORATION,       **CONNOLLY, CHAPTER 11 TRUSTEE,**
     a Delaware corporation,             **IN SUPPORT OF APPLICATIONS TO**
18                                       **RETAIN COUNSEL**
     Debtors.
19                                       Date:   June 14, 2007
                                         Time:   1:30 p.m.
20                                       Place:  280 South First Street
                                                 San Jose, CA 95113
21
                                         Judge:  Hon. Marilyn Morgan
22

23

24          Dennis J. Connolly, the duly appointed Chapter 11 Trustee (the "Trustee") in

25   the Chapter 11 cases of debtors SONICblue Incorporated, Diamond Multimedia Systems,

26   Inc., ReplayTV, Inc. and Sensory Science Corporation (collectively, the "Debtors"), hereby

27   submits this Reply to the Objection filed by York Credit Opportunities Fund, L.P. ("York") to

28

1    the Trustee's May 2, 2007 Applications to Retain Counsel, and accompanying Declaration of

2    Dennis J. Connolly filed in connection herewith ("Connolly Declaration").

## I. SUMMARY OF ARGUMENT

4            Section 327(d) of the Bankruptcy Code expressly authorizes the selection of a

5    trustee's law firm as counsel for the trustee when the selection is shown to be in the best

6    interest of the estate.  The selection of Alston & Bird LLP ("A&B") to serve as counsel to the

7    Chapter 11 Trustee in this case is in the best interest of the estate in view of the specific

8    responsibilities and issues in this case as reflected in the March 26, 2007 Memorandum

9    Decision and Order.  The objection does not substantively address the statute, applicable case

10   law, or otherwise establish that the Trustee's determination in the selection of A&B is not in

11   the best interest of the estate in this particular and unique case.

12           The objection to the retention of Friedman Dumas & Springwater LLP ("FDS")

13   should also be denied by the Court.  The FDS attorneys are admitted to practice in this

14   District, which is the only requirement to serve as local counsel.  York states that it does not

15   object to FDS's competence or its disinterestedness.

16           Finally, the Objection was not timely filed.  Whether it should be considered is

17   an issue for the Court's discretion.  The fact that York purchased the claim after the objection

18   deadline does not revive the time period.

## II. STATEMENT OF FACTS

20           On March 21, 2003, the Debtors filed their voluntary petitions for relief under

21   Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., as amended (the

22   "Bankruptcy Code").  On April 11, 2003, the Court entered an order authorizing the Debtors

23   to employ Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") as their bankruptcy counsel.

24           On February 15, 2007, the United States Trustee filed a Motion for

25   Appointment of a Chapter 11 Trustee or, in the Alternative, an Examiner, and on February 27,

26   2007, an Amended Motion for Appointment of a Chapter 11 Trustee.  On February 20, 2007,

27   the United States Trustee filed a Motion to Disqualify Pillsbury Winthrop Shaw Pittman LLP,

28   to Vacate Employment Order, and for Disgorgement of Attorneys' Fees.  On February 27,

1    2007, creditor SonicBlue Claims, LLC ("SB Claims") filed a motion to convert the cases to

2    chapter 7, and filed an amended motion to convert on February 28, 2007.  Although the relief

3    requested by the United States Trustee and SB Claims differed, both moving parties stressed

4    common themes:  a lack of prior disclosures by professionals in the cases and the need for an

5    investigation to be conducted by an outside party in order to restore creditor confidence and

6    to protect the integrity of the bankruptcy process.[1]

7             On March 26, 2007, the Court entered its Memorandum Decision and Order on

8    Motion to Appoint a Chapter 11 Trustee, Motion to Convert Case, and Motion to Disqualify

9    Pillsbury Winthrop Shaw Pittman LLP and for Disgorgement of Attorneys' Fees (the

10    "Memorandum Decision and Order"), in which the Court granted the motions to appoint a

11    Chapter 11 trustee and to disqualify Pillsbury as Debtors' counsel, and denied the motion to

12    convert the cases to chapter 7.  In granting the motion to appoint a chapter 11 trustee, the

13    Court stressed the need for the United States Trustee to go beyond the local panel to locate a

14    suitable trustee to meet the particular needs of the cases:  "It is important to this court that the

15    United States Trustee can tap into a large pool of possible trustees by conducting a

16    nationwide search.  In this way, the United States Trustee will have a far greater opportunity

17    to locate a strong trustee with the *appropriate qualifications* and without connections to this

18    case and this legal community."  Memorandum Decision and Order at 19:27-28 to 20:1-2

19    (emphasis added).  Although the Court did not specify the necessary qualifications for the

20    trustee, it seems apparent given the context that the Court shared the concern of the United

21    States Trustee that a full and independent investigation should be conducted.

22             As a result of her search, on April 16, 2007 the United States Trustee filed an

23    Application for Order Approving the Appointment of Chapter 11 Trustee in which she

24

25    _____

[1]  The United States Trustee noted in her motion that "[u]nless administration of these cases and *the investigation of*

26    *the prior administration of these cases is turned over to an independent fiduciary* who is empowered to act on his or
her findings, parties in interest are likely to continue to harbor questions regarding whether these cases have been

27    properly administered."  Amended Motion of United States Trustee for Appointment of Chapter 11 Trustee at 11:8-
12 (emphasis added).  SB Claims voiced a similar concern:  "Immediate conversion is necessary to protect creditor's

28    rights, *to investigate the failures of the four years that this case languished in chapter 11*, and to bring this case to a
timely close."  SonicBlue Claims, LLC's Motion to Convert to Chapter 7 at 9:17-20 (emphasis added).

TRUSTEE'S REPLY MEMORANDUM IN SUPPORT OF              3
APPLICATIONS TO RETAIN COUNSEL

{00297739.DOC v 5}

1  disclosed that she had selected Mr. Connolly.[2]  On April 17, 2007, the Court approved the

2  appointment of Mr. Connolly as Chapter 11 Trustee.

3      On May 2, 2007, the Trustee filed and served his (1) Application for an Order

4  Pursuant to Section 327(a) of the Bankruptcy Code Authorizing the Retention of Alston &

5  Bird LLP as Counsel to Dennis J. Connolly, the Chapter 11 Trustee ("A&B Retention

6  Application"), and (2) Application for an Order Pursuant to Section 327(a) of the Bankruptcy

7  Code Authorizing the Retention of Friedman Dumas & Springwater LLP as Local Counsel to

8  Dennis J. Connolly, the Chapter 11 Trustee ("FDS Retention Application").  On May 8, 2007

9  the Court entered its orders authorizing the retentions on an interim basis, setting June 14,

10  2007 as the date for the hearing on approval of a final order authorizing the retentions, and

11  setting a deadline of May 31, 2007 for objections to the Trustee's retention applications.

12      In the A&B Retention Application, the Trustee described the experience of

13  Neal Batson, Steve Collins and Grant Stein which formed the basis for his conclusion that the

14  interest of the estate would be best served by his engaging A&B to perform a full

15  investigation of the adequacy of the disclosures and degree of disinterestedness of prior

16  professionals, and to deal with the other issues that would arise in this case.  *See* A&B

17  Retention Application ¶¶ 7-10.

## III.  ARGUMENT

### A.    The Trustee has Demonstrated that Employment of A&B as His Bankruptcy Counsel is in the Best Interest of the Estate.

20      Section 327(a) of the Bankruptcy Code allows the trustee, with the court's

21  approval, to employ attorneys and other professionals to represent him and help him carry out

22  his duties.  Under subsection (d), the trustee himself may act as attorney for the estate if the

23  court finds it to be in the estate's best interest.  The same condition applies to a trustee's

24  employment of his own law firm as counsel.  *See In re Butler Indus., Inc.*, 114 B.R. 695, 698-

25  99 (C.D. Cal. 1990).  A trustee wishing to employ his own law firm should be able to show

---

[2] Mr. Connolly submitted a declaration in support of his appointment as trustee on April 16, 2007 in which he specifically stated:  "To assist me in the performance of my duties as Trustee, I intend to retain A&B as my principal counsel."  Declaration of Dennis J. Connolly in Support of Appointment of Dennis J. Connolly as Chapter 11 Trustee for the Bankruptcy Estate of SONICblue Incorporated et al. at 3:14-15.

TRUSTEE'S REPLY MEMORANDUM IN SUPPORT OF        4
APPLICATIONS TO RETAIN COUNSEL

1  good cause justifying such employment. In other words, "a trustee must show why

2  representation by the trustee's law firm would be in the best interest of the estate as opposed

3  to representation by an independent law firm." *Butler*, 114 B.R. at 699.

4          A list of factors to be considered by the Court in determining whether the

5  retention should be approved was recently articulated by the court in *In re Interamericas,*

6  *Ltd.*, 321 B.R. 830, 835 (Bankr. S.D. Tex. 2005) in the context of the facts of that case. These

7  factors include the qualifications of the members of the firm compared to the complexity of

8  the case, whether the firm is regularly hired by others to handle similar litigation, and whether

9  the anticipated litigation involves issues of bankruptcy law with which the law firm has

10  particularized expertise. *Interamericas*, 321 B.R. at 835. Other factors listed by the court go

11  to the question of whether the firm is appropriate to handle the work relative to time

12  commitment, comparative billing rates and material cost savings to the estate. *Id.* Ultimately,

13  the issue of cause under Section 327(d) is based on the facts and circumstances in a particular

14  case.

15          The *Interamericas* factors are amply met by the Trustee's showing in support

16  of the A&B Retention Application. The Trustee's Declarations filed in this matter as well as

17  the A&B Retention Application establish that A&B has experience in the investigation and

18  analysis of requisite disclosures under section 327 and Bankruptcy Rule 2014, and related

19  issues. Further, the Trustee's knowledge and experience working with A&B lawyers is

20  essential to the type of investigation and analysis of very sensitive and extremely important

21  issues to the parties and the public reflected in the reasons for the appointment of a Trustee in

22  this case. A&B's members have been involved in the examiner's role in two bankruptcy

23  cases of national significance. The *Enron* examination dealt with investigation of counsel.

24  This experience is particularized and unique, and supports the conclusion reached by the

25  United States Trustee that Mr. Connolly is qualified to be the Chapter 11 trustee in this case.

26  These are not the only matters reflecting A&B's experience with the issues in this case

27  dealing with professionals and discovery on issues concerning professionals, and the

28  complexities of working through getting to a distribution to creditors through confirmation of

1   a plan.   A&B possesses the resources to handle the case, and bills at rates which are

2   comparable to other national law firms.  *See* Connolly Declaration ¶¶ 9-12.

3          The unique ability of A&B to advise the Trustee concerning his required

4   independent investigation in this case far outweighs the types of risks arising from a trustee's

5   retaining his own law firm.   The courts have articulated two concerns relative to retention

6   under section 327(d).   The first concern is that when the trustee's law firm applies for

7   compensation, the trustee may not "vigorously scrutinize the propriety of the charges[,]" due

8   to his economic interest in his firm.  *In re Gem Tire & Service Co.*, 117 B.R. 874, 880 (Bankr.

9   S.D. Tex. 1990).  This potential concern is outweighed in this case by the fact that the United

10  States Trustee, an active, sophisticated creditor body, and a fee auditor are available to review

11  the fee applications of A&B and voice their objections to charges that they believe are not

12  reasonable.   Of course, the Trustee will also review bills notwithstanding York's apparent

13  challenge to his integrity and ability to do so.   The second concern of the courts is that the

14  trustee may be tempted to charge administrative duties as legal services, thereby obtaining

15  double compensation.  *In re Kurtzman*, 220 B.R. 801, 804 (Bankr. S.D.N.Y. 1998), aff'd, 202

16  B.R. 538 (S.D.N.Y. 1990).   Similarly, this concern may be addressed in advance by the

17  procedures implemented by the Trustee to record his time, and by the scrutiny by parties in

18  interest of his fee applications, as noted above.   The hypothetical risks identified by the courts

19  in the context of Chapter 7 cases simply do not present real, material risks in these Chapter 11

20  cases.

21          It should also be noted in considering the objection by York (a) that Congress'

22  has rejected York's position in enacting Section 327(d) which specifically enables a Trustee

23  to retain his law firm as his counsel in appropriate circumstances such as in this case, and (b)

24  York did not address or cite to the case law in the area other than noting that the purported

25  rule or "practice" York espouses is "far from the national norm."  York Objection at p. 1.

26

27

28

**B.    The Court Should Give Deference to the Trustee's Selection of FDS as His Local Counsel.**

York complains that FDS is not "local" enough because its offices are not located in San Jose, even though its attorneys are admitted to practice in the Northern District of California.    The court should reject this unusual objection.    The right to choose one's counsel stems from the confidentiality of the attorney-client relationship and position of trust held by one's counsel.  *Gem Tire & Service,* 117 B.R. at 876, citing *Kanter v. Robertson,* 102 F.2d 92, 93 (4th Cir. 1939).  ("Only in the rarest of cases should the trustee be deprived of the privilege of selecting his own counsel. . . .")  *Id.*    York has not remotely approached a showing necessary to cause the Court to question the Trustee's judgment in retaining FDS, and its objection to the retention should be rejected.

**C.    The Court Should Not Consider York's Untimely Objection.**

By orders dated May 8, 2007, the Court established May 31, 2007 as the deadline for serving objections to entry of a final order approving the A&B Retention Application and the FDS Retention Application.  York filed its objection on June 7, 2007, a full week late, without having made any showing of mistake, inadvertence or excusable neglect on its part, or on the part of its claim transferor.  York did not purchase its standing in this case until after the objection deadline.  The objection should be denied in the Court's discretion on the basis that it was not timely filed.

## IV.  CONCLUSION

The Trustee respectfully submits that his Applications to retain counsel be granted through entry of final orders, and that the objection by York should be denied.

1    Dated: June 12, 2007                    Respectfully submitted,

2                                            FRIEDMAN DUMAS & SPRINGWATER LLP

3

4

5                                            By:    /s/ Cecily A. Dumas
                                                    Cecily A. Dumas

6                                                   -and-

7                                            ALSTON & BIRD LLP

8                                            Grant T. Stein (admitted *pro hac vice*)
                                             1201 West Peachtree Street
9                                            Atlanta, GA 30309-3424
                                             (404) 881-7000

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRUSTEE'S REPLY MEMORANDUM IN SUPPORT OF                    8
APPLICATIONS TO RETAIN COUNSEL

{00297739.DOC v 5}

# Exhibit

# 14

1    FRIEDMAN DUMAS & SPRINGWATER LLP
     CECILY A. DUMAS (S.B. NO. 111449)
2    150 Spear Street, Suite 1600
     San Francisco, CA 94105
3    Telephone Number: (415) 834-3800
     Facsimile Number: (415) 834-1044
4

5    ALSTON & BIRD LLP
     GRANT T. STEIN
6    1201 West Peachtree Street
     Atlanta, GA 30309
7    Telephone Number: (404) 881-7000
     Facsimile Number: (404) 881-7777
8
9    (admitted *pro hac vice*)

10   *Attorneys for Dennis J. Connolly in His Capacity as*
     *Chapter 11 Trustee for SONICblue Incorporated, et al.*
11

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                SAN JOSE DIVISION
15

| 16 | In re: | ) | Chapter 11 Cases |
| 17 | | ) | |
| 18 | SONICBLUE INCORPORATED, a | ) | Case Nos.: 03-51775 |
| | Delaware corporation, DIAMOND | ) | through 03-51778 |
| 19 | MULTIMEDIA SYSTEMS, INC., a | ) | |
| | Delaware corporation, REPLAYTV, | ) | Jointly Administered |
| 20 | INC., a Delaware corporation, and | ) | |
| 21 | SENSORY SCIENCE CORPORATION, | ) | **DECLARATION OF** |
| | a Delaware corporation, | ) | **DENNIS J. CONNOLLY** |
| 22 | | ) | **IN SUPPORT OF APPLICATIONS** |
| | | ) | **TO RETAIN COUNSEL** |
| 23 | Debtors. | ) | |
| 24 | | ) | Date:   June 14, 2007 |
| 25 | | ) | Time:  1:30 p.m. |
| | | ) | Place:  280 South First Street |
| 26 | | ) |         San Jose, CA 95113 |
| 27 | | ) | |
| | | ) | Judge: Hon. Marilyn Morgan |
| 28 | | | |

DECLARATION OF DENNIS J. CONNOLLY
{00299915.DOC v.2}

I, Dennis J. Connolly, state the following under penalty of perjury:

1.    I am admitted to practice in the State of New York and the State of Georgia and am a partner in the law firm of Alston & Bird LLP ("A&B"), which maintains an office at 1201 West Peachtree Street, Atlanta, Georgia 30309-3424. A&B also maintains offices in Raleigh, North Carolina, Charlotte, North Carolina, Washington, D.C., and New York, New York.

2.    I submit this declaration in support of my Application seeking Court approval of my retention of A&B as my counsel in the Chapter 11 cases of SONICblue Incorporated and its three operating subsidiaries, Diamond Multimedia Systems, Inc., ReplayTV, Inc., and Sensory Science Corporation (collectively, "Debtors") pursuant to 11 U.S.C. §§ 327 and 1104 and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.    Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.[1]

### My Qualifications and the Qualifications of A&B

4.    I am the leader of A&B's Bankruptcy Workouts and Reorganization practice group. My practice focuses on the representation of debtors, examiners, creditors' committees and other parties in commercial bankruptcy cases. At A&B, I have, among other things, represented the Enron Corporation Examiner in all respects of the examination including, without limitation, litigation involving discovery, disputes relating to the scope of the examination, fee applications, and other matters involving the investigation.

5.    To assist me in the performance of my duties as Trustee, I intend to retain A&B as my principal counsel. A&B is one of the nation's largest law firms, with more than 750

---

[1]    Certain of the disclosures set forth herein relate to matters within the knowledge of other attorneys at A&B and are based on information provided by them.

-2-

attorneys – of whom approximately 450 are based in Atlanta. A&B currently has nineteen (19) attorneys in its bankruptcy and financial restructuring group, having extensive experience handling all matters arising in large and complex representations, including Chapter 11 cases, and representing various parties, including debtors, examiners, trustees, creditors' committees, institutional lenders, other critical creditors and parties-in-interest, and potential acquirers of businesses and large assets. The A&B bankruptcy partners who will principally be involved with this matter are Neal Batson, Steve Collins and Grant Stein.

6.    Based on my review of the Court's orders of March 26, 2007 and May 4, 2007 (the "Orders"), the issues in the cases include, but are not limited to, the following:

a.    a complete investigation of the facts and circumstances surrounding the disqualification of counsel for the Debtors and Debtors in Possession;

b.    a complete investigation of the facts and circumstances relating to the conduct of certain of the members of the Official Committee of Unsecured Creditors (the "Creditors' Committee") in respect of the bankruptcy cases and an investigation into the conduct of counsel for the Committee, as well as other parties in interest involved in the bankruptcy cases prior to the appointment of the Trustee;

c.    the initiation of appropriate action based on that investigation which may include, but not be limited to, objections to professional fee applications, affirmative relief, claim for subordination, or other activities; and

d.    the prosecution of a plan to enable a distribution of unsecured creditors pursuant to a bankruptcy plan, which such plan would address, among other things:

-- 3 --

i.    the subordination issues as between the Senior Note Indenture and the Junior Note Indenture (as defined in the currently-filed Disclosure Statement);

ii.    the issues relating to subordination of claims under Section 510(c) of the Code;

iii.    issues relating to the so-called "original issue discount" in respect of the Senior Notes and the Junior Notes;

iv.    issues relating to the administration of the case including additional claims objections, tax and related matters, and other areas.

7.    The Court's Order of March 26, 2007 makes it clear that the Court expected, and directed, a nationwide search for a Trustee that would be a "strong Trustee with the appropriate qualifications without connection to this case and this legal committee ...."

8.    Once appointed, I viewed the Court's mandate as equally applicable to the selection of counsel to the Trustee. I understand there are a number of issues relating to the relationship between counsel for the Debtors (as the general corporate counsel for approximately 15 years before the filing of the bankruptcy cases) and the debtors that must be explored and reviewed in the context of any analysis of the conduct of debtors' counsel. This would also hold true with respect to the conduct of the members of the Creditors' Committee as well as its counsel.

9.    In selecting counsel, I focused on the qualifications, experience, expertise and efficiencies in utilizing A&B as my counsel. As noted in the application, among those lawyers selected to represent me are Neal Batson, Steve Collins and Grant Stein. Mr. Batson is a senior

- 4 -

bankruptcy lawyer and is special counsel to A&B and has been identified as an elder statesman by a leading reviewer of lawyers internationally. Without question, Mr. Batson is one of the premiere insolvency practitioners in the country today. He has been chair of the American College of Bankruptcy, chair of the Southeastern Bankruptcy Law Institute, on the Rules Committee as appointed by former Chief Justice Rehnquist, and has been involved significant cases in insolvency over the past 30 years. More importantly for this particular engagement, Mr. Batson was the examiner in two of the most significant examinations in the past 20 years (being Southmark and Enron). In the context of the Enron investigation, a significant amount of time and effort went into the analysis of the conduct of the lawyers for Enron. That Enron investigation led to a report on the conduct of certain lawyers for Enron. Mr. Collins was a significant actor in the Enron investigation (as was this Trustee). In addition, Mr. Collins is the "loss prevention and ethics partner" at A&B and has significant experience in the area of professional liability. Mr. Stein has significant experience in the chapter 11 practice and has dealt with Bankruptcy Rule 2014, Section 327 and professional issues many times as a practicing lawyer, both prosecuting objections and defending counsel, is a member of the American College of Bankruptcy and serves on its Board of Regents, is a director of the Association of Insolvency and Restructuring Advisors (and President-Elect of that organization), and is a director of the Southeastern Bankruptcy Law Institute. All of these lawyers bring to the table significant expertise and judgment.

10.     Although there are a number of lawyers throughout the country who have been involved in significant investigations and examinations, I do not believe that those lawyers have been involved in quite the same qualitative analysis of the conduct of attorneys as that in the Enron investigation.

-5-

11.    In considering the issue of selection of counsel, the benefit to the bankruptcy estates and the administration of these cases through the retention of A&B was manifest and compelling in my view. For the reasons noted above, few, if any, lawyers in the country have had the experience and have the expertise in the area of investigations and, in particular, attorney conduct in respect of insolvency matters as the lawyers at A&B who are now involved in these matters. Second, the level of efficiencies that could be achieved through the retention of A&B is also significant. As a matter of logistics, the retention of A&B certainly reduces the time needed to educate another firm as to the approach to the litigation investigation, as to the way in which the cases are to be handled and, simply put, the way in which the Trustee would propose to proceed. Thus from an efficiency standpoint the retention of A&B presents a significant advantage.

12.    Apart from the efficiency aspect, in considering "national law firms" in this regard, my judgment was that the rates for the A&B lawyers are competitive, if not significantly so, to any lawyers based in New York, Washington, D.C., Chicago, Dallas or Houston. As noted below, although solicited by California firms, I did not consider the retention of counsel in California (for the obvious reasons stated in the Court's Order of March 26, 2007), nor did I consider counsel on the West Coast generally as that may have created an entirely different set of issues with connections with counsel for the various parties as well as the parties themselves. Thus, A&B presented significant competitive advantage in the areas of expertise, experience and efficiency and the rate structure was more than competitive with other national law firms based in other major cities throughout the country. For those reasons, I propose to retain A&B as my primary counsel.

-6 -

13.     With respect to local counsel, Grant Stein has had a working relationship with Cecily Dumas at Friedman, Dumas & Springwater, LLP ("FDS"). Based on my own diligence and discussions with Mr. Stein, I determined that FDS was a firm of very competent and experienced lawyers in the insolvency area, with minimal connections with the parties in interest and counsel of record in these cases. I was solicited by a number of law firms in the Bay Area (primarily San Francisco) upon my appointment to serve as counsel or local counsel, and most of those law firms had some connection with the parties in the case or had appeared in the cases previously in various capacities over the course of the preceding four years. Given the Court's articulated concerns in the March 26, 2007 Order, I concluded that the retention of a law firm previously involved in these cases would not be appropriate. FDS thus brought significant experience and capacity to the table along with independence and lack of connection to these cases. With respect to the question of "locality" my understanding is that FDS has significant experience before this Court and has been involved in matters in the San Jose Division for a number of years. The local rules are the same, and the issue of a one hour's drive to the courthouse does not appear to me to be of any moment whatsoever.

14.     Based on information obtained from the Inquiry and my own personal knowledge, A&B is a "disinterested person" as that term is defined in Section 101(4) of the Bankruptcy Code, in that, to the best of my knowledge, A&B, its partners, counsel, and associates, including myself:

    a.      are not creditors, equity security holders, or insiders of the Debtors;

    b.      are not and were not, within two years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

    c.      do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect

-- 7 --

relationship to, connection with, or interest in, the Debtors, or for any other reason.

15.     Neither I nor any member of A&B is related to the Bankruptcy Judge in these Bankruptcy Cases, the Honorable Marilyn Morgan.

16.     Neither I nor any member of A&B is related to the UST in the region in which these bankruptcy cases are pending. Other than as set forth above, neither I nor A&B have had any connection with the UST, or with members of the UST.

17.     In addition to the foregoing, some of A&B's lawyers may have had some personal or professional relationships with attorneys, accountants, employees, or other parties in interest of the Debtors. The undersigned does not have knowledge of any such relationship that is material.

18.     Moreover, I believe that the retention of A&B and FDS at this point is in the "best interest" of the estates. For the reasons noted above, A&B in particular brings expertise in the area of investigations and, specifically, in dealing with attorney conduct that few firms, if any, can match. That expertise is important as the issues of the standard of conduct in these cases is critical. Putting that issue aside, A&B's retention provides significant advantages to these estates in the areas of efficiency as A&B has a logistical advantage in representing this Trustee and its rates are competitive with any major national firm that would have the capacity to represent me as Trustee.

19.     I believe that neither my proposed employment as Trustee nor the proposed employment of A&B is prohibited by or improper under Bankruptcy Rule 5002. A&B and the professionals it employs are qualified to represent me in this matter.

– 8 –

DECLARATION OF DENNIS J. CONNOLLY
{00299915.DOC v 2}

1   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

2   and correct and that this Declaration was executed on June 12, 2007 at Atlanta, Georgia.

3

4

5                                            Dennis J. Connolly

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

# Exhibit

# 15

1  FRIEDMAN DUMAS & SPRINGWATER LLP
   CECILY A. DUMAS (S.B. NO. 111449)
2  150 Spear Street, Suite 1600
   San Francisco, CA 94105
3  Telephone Number:  (415) 834-3800
   Facsimile Number:  (415) 834-1044
4

5  ALSTON & BIRD LLP
   GRANT T. STEIN
6  1201 West Peachtree Street
   Atlanta, GA 30309
7  Telephone Number:  (404) 881-7000
   Facsimile Number:  (404) 881-7777
8  (admitted *pro hac vice*)

9
   Attorneys for Dennis J. Connolly, Chapter 11 Trustee
10

11              UNITED STATES BANKRUPTCY COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14  IN RE:                                Case Nos. 03-51775 through 03-51778

15  SONICBLUE INCORPORATED, a             Chapter 11 Cases
    Delaware corporation, DIAMOND
16  MULTIMEDIA SYSTEMS, INC., a           Jointly Administered
    Delaware corporation, REPLAYTV, INC.,
17  a Delaware corporation, AND SENSORY    CERTIFICATE OF SERVICE
    SCIENCE CORPORATION, a Delaware
18  corporation,

19

20

21              Debtors.

22

23

24

25

26

## CERTIFICATE OF SERVICE BY MAIL

I, Celeste Alas, hereby declare:

I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of Friedman Dumas & Springwater LLP and my business address is 150 Spear Street, Suite 1600, San Francisco, California 94105. I am familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 12, 2007 at my place of business as listed above, the following documents:

**1. REPLY MEMORANDUM OF DENNIS J. CONNOLLY, CHAPTER 11 TRUSTEE, IN SUPPORT OF APPLICATIONS TO RETAIN COUNSEL**

**2. DECLARATION OF DENNIS J. CONNOLLY IN SUPPORT OF APPLICATIONS TO RETAIN COUNSEL**

were placed for deposit in the United States Postal Service, for collection and mailing on that date, following ordinary business practices, in a sealed envelope(s), with postage fully prepaid, addressed as shown on the attached service list.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on June 12, 2007.

/s/Celeste Alas
Celeste Alas

1

**SERVICE LIST**

2

SEE ATTACHED SERVICE LIST

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## U.S. TRUSTEE

Office of the U.S. Trustee
Nanette Dumas, Esq.
280 South First Street, Room 268
San Jose, CA  95113

## OCC COUNSEL

Ron Bender, Esq.
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067

## OFFICIAL COMMITTEES

Diana Chan
A-Max Technology Company, Ltd.
12/F Remington Centre
23 Hung To Road
Kwun Tong, Kowloon
Hong Kong

Kenneth A. Simpler
Citadel Investment Group, LLC
131 South Dearborn
Chicago, IL  60603

Gregg Colburn
Citadel Investment Group, LLC
225 W. Washington Street
9th Floor
Chicago, IL  60606

Oscar Garza, Esq.
Gibson Dunn & Crutcher LLP
4 Park Plaza
Suite 1400
Irvine, CA  92614

Lillian Stenfeldt, Esq.
Gray Cary
1755 Embarcadero Road
Palo Alto, CA  94303

Richard Zermani
Hale & Dorr LLP
60 State Street
Boston, MA  02109

Bruce Bennett, Esq.
Joshua Mester, Esq.
Hennigan Bennett & Dorman
865 So. Figueroa Street
Suite 2900
Los Angeles, CA  90017

Adam J. Chill
Highbridge Capital Management, LLC
9 West 57th Street
27th Floor
New York, NY  10019

1

## OFFICIAL COMMITTEES

Peter Fishman, Esq.
Houlihan Lokey Howard & Zukin Capital
One Sansome Street
CitiCorp Center
San Francisco, CA  94101

Jeffrey Smith
Ramius Capital Group, LLC
666 Third Avenue
26th Floor
New York, NY  10017

Alan Cormier, Esq.
Michael F. Zullas, Esq.
Manufacturers' Service Ltd.
9 Northeastern Blvd
Salem, NH  03079-1952

Toshiyuki Miyake
Matsushita Kotobuki Electronics Sales of
America, LLC
700 No. Hayden Island Drive
Suite 200
Portland, OR  97217

Koichi Kishimoto
Matsushita Kotobuki Electronics
Industries, Ltd.
247 Fukutake, Saijo
Ehime, Japan
793-8510

Jim Coggburn
Maxtor Corporation
500 McCarthy Blvd.
Milpitas, CA  95035

William Sweeney
Maxtor Corporation
389 Disc Drive
Longmont, CO  80503-9364

Bruce MacIntyre, Esq.
Dax J. Hansen, Esq.
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle, WA  98101

2

**SPECIAL NOTICE LIST**

Jim Andrews
Andrews Air Corporation
50 Tanforan Avenue
South San Francisco, CA  94080

Jennifer Gendel
Bingham McCutchen LLP
3 Embarcadero Center
San Francisco, CA  94111-4067

Ron M. Oliner, Esq.
Buchalter Nemer Fields & Younger
333 Market Street
25th Floor
San Francisco, CA  94105

D. Bruce Prout, Esq.
Christie, Parker & Hale, L.L.P.
350 West Colorado Boulevard
Suite 350
Pasadena, CA  91105

Citicapital Commercial Leasing
Corporation
c/o Roger L. Efremsky, Esq.
Law Offices of Efremsky & Nagel
5776 Stoneridge Mall Road, Suite 360
Pleasanton, CA  94588

Roku LLC
Cooley Godward LLP
One Maritime Plaza
20th Floor
San Francisco, CA  94111-3580

Krishna Rangarajan
CRT Capital Group LLC
262 Harbar Drive
Stamford, CT  06902

Equity Security Holder Pro Se
Adam P. Friedman
c/o. Wolff & Samson PC
One Boland Drive
West Orange, NJ  07052

Emmett Stanton
Fenwick & West
801 California Street
Mountain View, CA  94041-2014

Laurence Pulgram and Market Porter
Fenwick & West – San Francisco
275 Battery Street
San Francisco, CA  94111

Dilip Ghelani
Fidelity Investments
2300 Litton Lane
Client Services ECM
Hebron, KY  41048

Norman E. MacKay, Esq.
Germino, MacKay, Runte & McDonald
2500 El Camino Real, Suite 210
Palo Alto, CA  94306-1791

Desmond J. Cussen, Esq.
Gibson Dunn & Crutcher, LLP
One Montgomery Street
Suite 3100
San Francisco, CA  94104

George Belfield
Greenberg Traurig LLP
2450 Colorado Avenue
Suite 400 East
Santa Monica, CA  90404

Rick B. Antonoff, Esq.
Clifford E. Neimeth, Esq.
Greenberg Traurig, LLP
200 Park Avenue
MetLife Bldg.
New York,  NY  10166

Suzanne M. Smith, Esq.
Heller Ehrman White & McAuliffe LLP
333 Bush Street
San Francisco, CA  94104-2878

3

## SPECIAL NOTICE LIST

Bruce Bennett, Esq.
Joshua D. Morse, Esq.
James Johnston, Esq.
Hennigan Bennett & Dorman
601 So. Figueroa Street, Suite 3300
Los Angeles, CA  90017


Legal Department
IBM Corporation
Mail Stop 119
One Northcastle Drive
Armonk, NY  10504

R. Robin Lai
IT&T Technologies, Inc.
P.O. Box 3670
Fullerton, CA  92834

Robert J. Brantman, Esq.
Katten Muchin Zavis Rosenman
525 West Monroe Street
Suite 1600
Chicago, IL  60661


Korea Export Insurance Corporation
c/o Lee, Hon\g, Degerman, Kang &
Schmadeka
Attn:  Mark S. Faulkner
801 S. Figueroa Street, 14th Floor
Los Angels, CA  90017

Peter Gilhuly, Esq.
Latham & Watkins
633 West Fifth Street
Suite 4000
Los Angeles, CA  90071

William Webb Farrer, Esq.
Law Offices of Richard H. Cross, Jr. LLC
300 Montgomery Street
Suite 600
San Francisco, CA  94104

Lori Robertson and David Aelvoet
Linebarger Goggan Blair & Sampson
P.O. Box 17428
1949 South IH 35 (7841)
Austin, TX  78760


Rodger M. Landau
McDermott, Will & Emery
2049 Century Park East
34th Floor
Los Angeles, CA  90067

John David Wilburn, Esq.
McGuirewoods LLP
1750 Tysons Boulevard
Suite 1800
McLean, VA  22102


Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA  23219


Richard Chow
Millennium Technology Ventures
350 Park Avenue
10th Floor
New York, NY  10022


William O. LaMotte, III
Gregory W. Werkheiser
Patricia R. Uhlenbrock
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

4

## SPECIAL NOTICE LIST

Christopher Alliotts, Esq.
IT&T Limited, IT&T Technologies, Inc.
and Arise Solutions
Murray & Murray
19330 Steven Creek Boulevard
Cupertino, CA 95014

Tapio Arimo and Per-Ake Stahl
Nokia Inc.
545 Wisman Road
Mountain View, CA 94043-2172

Michael Burke, Esq.
Nutter McClennen & Fish LLP
World Trade Center
155 Seaport Blvd.
Boston, MA 02210

Suzzanne Uhland, Esq.
Alan Rader, Esq.
Austin K. Barron, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

Carm Adimando
Opta Systems
47 Cherry Gate Lane
Trumbull, CT 06611

Richard M. Pachulski, Esq.
Pachulski Stang Ziehl Young & Jones
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067

Bruce G. MacIntyre, Esq.
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101

Randall C. Bupp
Plastiras & Terrizzi, a Professional
Corporation
24 Professional Center Parkway, Suite 150
San Rafael, CA 94903

Scott P. Cooper, Esq.
Mark Zohn, Esq.
Mary Rose, Esq.
Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067

Josiah Rotenberg
Quadrangle Group LLC
375 Park Avenue, 14th Floor
New York, NY 10152

Karen Tillman, Esq.
RadioShack Corporation
100 Throckmorton Street, Suite 1700
Fort Worth, TX 76102

Mark W. Wasserman, Esq.
Reed Smith
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042

James C. Yenzer
Revenue Management
One Unversity Plaza, Suite 518
Hackensack, NJ 07601

Richard H. Cross, Jr., Esq.
Law Offices of Richard H. Cross, Jr. LLC
1201 North Orange Street, Suite 610
Wilmington, DE 19801

Riverside Claims
P.O. Box 626
Planetarium Station
New York, NY 10024

Robert D. Hansen, Esq.
99 Almaden Boulevard
8th Floor
San Jose, CA 95113

## SPECIAL NOTICE LIST

Anthony Wood
Roku LLC
399 Sherman Avenue, Suite 12
Palo Alto, CA  94306

Ira P. Rothken, Esq.
Rothken Law Firm
1050 Northgate Drive, Suite 520
San Rafael, CA  94903

Seolwan Koo
Samsung Electronics Co., Ltd.
21st Fl., Samsung Main
Bldg. 250, 2-Ka, Taepyung-Ro,
Chung-Ku
Seoul
Korea
100-742

Eleazer Klein, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY  10022

Lillian G. Stenfeldt, Esq.
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza, 8th Floor
San Francisco, CA  94105-1420

Daniel Clivner, Esq.
Simpson Thatcher & Bartlett
10 Universal City Plaza
Suite 1850
Los Angeles, CA  91608

Kenneth S. Ziman, Esq.
Robert H. Trust, Esq.
Simpson Thatcher & Bartlett
425 Lexington Avenue
New York, NY  10017

Jeffery E. Ostrow, Esq.
Simpson Thatcher & Bartlett
3330 Hillview Avenue
Palo Alto, CA  94304

Gratian Joseph
Scott Emmons
State Street
725 South Figueroa
Suite 3100
Los Angeles, CA  90017

Preferred Packaging
c/o Don C. Fletcher, Esq.
The Cavanagh Law Firm
1850 N. Central Avenue
Suite 2400
Phoenix, AZ  85004

Vernon Back, Esq.
Thomson Inc.
10330 North Meridian Street
Indianapolis, IN  46290

Robert H. Heath
Thomson Inc.
3332 Washington Street
San Francisco, CA  94118

Philip P. Bogosian
Thought Communications, Inc.
20 Great Oaks Boulevard, Suite 130
San Jose, CA  95119

Stuart West
TiVo
2160 Gold Street
P.O. Box 2160
Alviso, CA  95002

Sarah D. Moyed
Bankruptcy Counsel
Pacific Regional Office, 11th Floor
5670 Wilshire Boulevard
Los Angeles, CA  90036

Mr. Sherman Wan
Via Technologies, Inc.
940 Mission Court
Fremont, CA  94539-8202

6

## SPECIAL NOTICE LIST

Richard Adler
Winston & Strawn
101 California Street
San Francisco, CA  984114

William Webb Farrer, Esq.
Law Offices of Richard H. Cross, Jr. LLC
300 Montgomery Street, Suite 600
San Francisco, CA  94104

Robert Rotstein, Rodger M. Lanu
McDermott Will & Emery, 34th Floor
2049 Century Park East
Los Angeles, CA  90067

Cooper, Zohn & Rose
Proskauer Rose LLP, Suite 2300
2049 Century Park East
Los Angeles, CA  90067-3125

Jason McFall
Simpson Thacher & Bartlett
10 Universal City Plaza, Suite 1850
Los Angeles, CA  91608

Michael S. Lurey, Esq.
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606

ReGen Capital
Attn: Holly Rogers
2109 Broadway, Suite 206
New York, NY  10023

Robert P. Feldman, Esq.
Colleen Bal, Esq.
Gwen Parker, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

Henry C. Kevane, Esq.
Pachulski, Stang, Ziehl, Young, et al.
150 California Street, 15th Floor
San Francisco, CA  94111-4554

Doug Wolfe
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY  11797

Primeshares
60 Madison Avenue, 2nd Floor
New York, NY  10011-1600

Lance Maerov, Senior Vice President
Corporate Development, WPP Group
USA, Inc,
125 Park Avenue, 4th Floor
New York, NY 10017

Robert P. Feldman, Esq.
Colleen Bal, Esq.
Gwen Parker, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

Maria Ann Milano, Esq.
Riddell Williams P.S.
1001 4th Avenue Plaza, Suite 4500
Seattle, WA  98154

Frank Pepler, Esq.
Pepler Mastromonaco LLP
100 First Street, 25th Floor
San Francisco, CA  94105

NL Properties, Inc.
c/o Dennis D. Miller, Esq.
Stein & Lubin LLP
600 Montgomery Street, 14th Floor
San Francisco, CA  94111

7

## SPECIAL NOTICE LIST

Frank A. Merola
K. John Shaffer
Gina Najolia
Stutman, Treister, & Glatt PC
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067

William McGrane
Bernard S. Greenfield
McGrane Greenfield LLP
One Ferry Building, Suite 220
San Francisco, CA  94111

Robert Koltai
Hain Capital Group, LLC
301 Route 17, 6th Floor
Rutherford, NJ 07070

U.S. Bank National Association
c/o David J. McCarty
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

Michael St. James, Esq.
St. James Law , P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA 94104

Lewis Kruger, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038

Alan Z. Yudkowsky, Esq.
Stroock & Stroock & Lavan LLP
2026 Century Park East, 16th Floor
Los Angeles, CA 90067-3086

{00299875.DOC v 1}

## SECURED

Bankers/Softech/Mid-States
4201 Lake Cook Road
Northbrook, IL  60062

C3 Sales, Inc.
10914 Roaring Brook Lane
 Houston, TX  77024

Citadel Investment Group, LLC
225 West Washington Street
 Chicago, IL  60606

Congress Financial Corporation (Western)
251 So. Lake Avenue
Suite 900
Pasadena, CA  91101

Employment Development Department
1500 - 11th Street
P.O. Box 826880
Sacramento, CA  95814

Finova Capital Corporation
1060 First Avenue
 King of Prussia, PA  19406

Flextronics Internation USA, Inc.
2090 Fortune Drive
San Jose, CA  95131

Hewlett-Packard Company Financing
20 Perimeter Summit Blvd.
Atlanta, GA  30319

Highbridge Capital Management, LLC
9 West 57th Street
27th Floor
New York, NY  10017

Kevin Zeidan
Vice President
Comerica Bank - California
One Market Plaza
Spear Street Tower, Suite 1830
San Francisco, CA  94105

Jonathan Neil & Associates, Inc.
c/o Glasberg, Pollak & Associates
425 California Street, Suite 825
San Francisco, CA  94104

Lucent Technologies, Inc.
Attn:  Suzana Pereira
600 Mountain Avenue, Room 7F513
Murray Hill, NJ  07974

Manufacturers' Services Limited
300 Baker Avenue
Concord,  MA  01742

Multiple Zones International, Inc.
520 So. El Camino Real
Suite 318
San Mateo, CA  94402

Newcourt Communications Finance Corp.
2 Gatehall Drive
 Parsippany, NJ  07054

Newcourt Financial Technology
1830 West Airfield Drive
 DFW Airport, TX  75261

Pacific NW Properties Ltd Partnership
9665 S.W. Allen Blvd, Suite 115
Beaverton, OR  97005

Ramius Capital Group, LLC
666 Third Avenue, 26th Floor
New York, NY  10017

## SECURED

Sanwa Bank of California
220 Almaden Blvd.
 San Jose, CA  95113

Silicon Valley Bank
3000 Lakeside Drive
 Santa Clara, CA  95054

Telogy, Inc.
3885 Bohannan Drive
Menlo Park, CA  94025

10

## ALLEGED LIENHOLDERS

Arlana Stewart
1649 E. Waterford Avenue
Fresno, CA  93720-4229

AT&T Capital Corporation
Instrument & Data Services
1830 W. Airfield Drive
DFW Airport, TX 75261

Citicorp Vendor Finance, Inc.
c/o Corporation Service Company
Which Will Do
Business in California as CSC – Lawyers
Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Citicorp Vendor Finance, Inc.
700 East Gate Drive, Suite 400
Park Ridge, NJ 08054

County of Santa Clara
Tax Collector
70 West Hedding Street
San Jose, CA 95110

County Tax Assessor, GA
Clerk of the Court
Gwinnett Superior Court
Real Estate Division
75 Langley Drive
Lawrenceville, GA 30045

County Tax Assessor, GA
Gwinnett Assessor's Office
75 Langley Drive
Lawrenceville, GA 30045

Digital Commerce Corporation
c/o Alan Krenek
Agent for Service of Process
575 Herndon Parkway, Suite 300
Herndon, VA 20170

Falcon Advisors, Inc.
c/o Craig B. Florence, Esq.
Gardere, Wynne & Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

Florida Department of Revenue
Bankruptcy Department
Doyle E. Carlton Bldg.
501 S. Calhoun Street, Room 343
Tallahassee, FL 32399-0100

Jonathan Neil & Associates, Inc.
c/o Glassberg, Pollak & Associates
44 Montgomery Street, Suite 1660
San Francisco, CA 94104

Suzana Pereira
Lucent Technologies Inc.
600 Mountain Avenue
Room 7F513
Murray Hill
Berkeley Heights, NJ  07974

Quail Creek Bank NA
12202 North May Street
Oklahoma City, OK 73120
(Also served by 1st Class mail-P.O. Box
20160)
Oklahoma City, OK 73156

Raymond Leasing Corporation
Corporate Headquarters
8-20 South Canal Street
Greene, NY 13778

Red Lion Hotels Inc.
755 Crossover Lane
Memphis, TN 38117

Richardson Independent School District
400 South Greenville Avenue
Richardson, TX 75081
Attn:  Mia Martin, General Counsel

Richardson Independent School District
c/o Randall L. Shepherd, Esq.
Law Offices of Robert E. Luna P.C.
4411 N. Central Expressway
Dallas, TX 75205

Round Rock Independent School District
c/o Brian E. Brown, Esq.
Linebarger, Goggan, Blair, Sampson &
Pena LLP
1949 South I.H. 35
P.O. Box 17428
Austin, TX 78760

Round Rock Independent School District
c/o Nelda Wells Spears
Assessor and Collector of Taxes
County of Travis
1010 Lovaca
Austin, TX 78701

S3 Incorporated
1801 Mission College Blvd.
Santa Clara, CA 95052-8058

Joseph Kincaid
Swanson, Martin & Bell
Counsel for Raymond Leading
1 IBM Plaza
Suite 28900
330 N. Wabash
Chicago, IL  60611

West Virginia State Tax Department
1001 Lee Street
Charleston, West Virginia 25321

## FINANCIAL BANKS

Bank One
Attn:  Eugene O'Connor
Legal Dept. – AZ1-1314
201 North Central Avenue
Phoenix, AZ  85004

Kevin Zeidan
Vice President
Comerica Bank – California
One Market Plaza
Spear Street Tower, Suite 1830
San Francisco, CA  94105

Credit Suisse First Boston
Attn:  Legal Department
600 California Street, 20th Floor
San Francisco, CA  94108

USB PaineWebber
Attn:  Legal Department
One North Wacker Drive, Suite 2500
Chicago, IL  60606

Wells Fargo
Attn:  Legal Department
Commercial Banking MAC S4101-251
100 West Washington
Phoenix, AZ  85003

Wells Fargo
Attn:  Legal Department
121 Park Plaza, 3rd Floor
San Jose, CA  95113

13

## U.S. TRUSTEE AND REGULATORY AGENCIES

Internal Revenue Service
Special Procedure Section - Bankruptcy
55 South Market Street
HQ6600
San Jose, CA  95113

Office of the U.S. Trustee
Nanette Dumas, Esq.
280 South First Street
Room 268
San Jose, CA  95113

Securities and Exchange Commission
Sarah Moyed, Bankruptcy Unit
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA  90036

Securities and Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

Securities and Exchange Commission
San Francisco District Office
44 Montgomery Street, Suite 2600
San Francisco, CA 94104

The Nasdaq Stock Market
P.O. Box 7777-W9740
Philadelphia, PA 19175-9740

14

{00299875.DOC v 1}

## 2003 NOTEHOLDERS

JDS Capital Management, Inc.
Joe D. Samberg
100 Park Ave Fl 17
New York, NY  10017-5569

Monarch Capital
Matt Waldon
1250 Monarch Plaza
3414 Peachtree Road NE
Atlanta, GA  30326

Orbitex Financial Services Group, Inc.
Neil Feinberg
410 Park Avenue
18th Floor
New York, NY  10022

WM Advisors, Inc.
Gary Poker
1201 Third Avenue, Floor 22
Mail Stop WMP 2220
Seattle, WA  98101

Loomis, Sayles & Company, LP
Christopher Keller
One Financial Center
Boston, MA  02111

Credit Research & Trading LLC
Michael Vaughn
One Fawcett Place
Greenwich, CT  06830

Richard M. Pachulski
Pachulski Stang Ziehl Young & Jones
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA  90067

Scott Emmons
State Street
725 South Figueroa, Suite 3100
Los Angeles, CA  90017

15

## 2003 AND 2005 NOTEHOLDER REPRESENTATIVES

Richard M. Pachulski, Esq.
Pachulski Stang Ziehl Young & Jones
10100 Santa Monica Blvd.
Suite 1100
Los Angeles, CA  90067

Scott Emmons
State Street
725 South Figueroa
Suite 3100
Los Angeles, CA  90017

Bruce Bennett, Esq.
Hennigan Bennett & Dorman
601 So. Figueroa Street
Suite 3300
Los Angeles, CA  90017

James Johnston, Esq.
Hennigan Bennett & Dorman
601 So. Figueroa Street
Suite 3300
Los Angeles, CA  90017

Eleazer Klein, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY  10022

Robert J. Brantman, Esq.
Katten Muchin Zavis Rosenman
525 West Monroe Street
Suite 1600
Chicago, IL  60661

16

## INTERESTED PARTIES-EMPLOYMENT APPLICATION

General Electric Capital Company
Attn: Denise Gisvold
P.O. Box 3083
Cedar Rapids, IA 52406-3083

Agilent Financial Services
Jim Gerard
900 Ashwood Parkway, 6th Fl.
Atlanta, GA 30338

U.S. Bank, National Association
800 Nicollet Mall
Minneapolis, MN 55402

Coca-Cola Company
P.O. Drawer 1734
Atlanta, GA 30301

Intel Corporation
2200 Mission College, Blvd.
SC4-203
Santa Clara, CA 95054

QVC
A/P Dept. Mail Code 209
1200 Wilson Dr.
West Chester, PA 19380

{00299875.DOC v 1}