# Exhibit

# 16

1  EDWINA E. DOWELL, #149059
   Assistant U.S. Trustee
2  NANETTE DUMAS, #148261
   SHANNON L. MOUNGER-LUM, #208071
3  Office of the United States Trustee
   280 S. First Street, Suite 268
4  San Jose, CA 95113-0002
   Telephone:   (408) 535-5525
5  Fax:            (408) 535-5532

6  Attorneys for Sara L. Kistler
   Acting United States Trustee for Region 17
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10 In re:

11 SONICBLUE, INCORPORATED, a Delaware          Case No. 03-51775 MM
   Corporation, DIAMOND MULTIMEDIA
12 SYSTEMS, INC., a Delaware Corporation,        Chapter 11
   REPLAY TV, INC., a Delaware Corporation,
13 and SENSORY SCIENCE CORPORATION,             Date: June 14, 2007
   a Delaware Corporation,                       Time: 1:30 p.m.
14                                                Place: Courtroom 3070
                        Debtors.
15

16
                   **REPLY BY UNITED STATES TRUSTEE TO**
17             **OBJECTION TO TRUSTEE'S PROPOSED COUNSEL**

18 _____The United States Trustee (the "UST") hereby submits this reply to the Objection

19 To Trustee's Proposed Counsel (the "Objection") filed by York Credit Opportunities

20 Fund, L.P. ("York").

21        York appeared in this case on June 7, 2007 by filing its notice of assignment of

22 claim and the Objection, approximately thirty (30) days after the Court had set the

23 deadline for objections to the employment applications of proposed counsel by chapter

24 11 trustee Dennis Connolly (the "Trustee"), and seven (7) days after the court-ordered

25 deadline to object had expired.

26        The sole basis for the Objection is York's belief that the Trustee, an attorney, has

27

28 Reply By UST To Objection
   To Trustee's Proposed Counsel

1  violated local custom and practice by retaining Alston & Bird ("A&B") as his general

2  counsel.  Mr. Connolly is a partner and the head of A&B's Bankruptcy, Workouts and

3  Reorganization department.  However, the Bankruptcy Code specifically provides that a

4  trustee may act as attorney for the estate, where, as here, it is in the best interest of the

5  estate.  11 U.S.C. Section 327(d).

6      The legal standard for the employment of professional persons by a trustee is

7  set forth in Section 327(a), which provides in pertinent part:

8      [T]he trustee, with the court's approval, may employ . . . attorneys . . .that do not
       hold or represent an interest adverse to the estate, and that are disinterested
9      persons, to represent or assist the trustee in carrying out his duties under this
       title.

10  11 U.S.C. Section 327(a) (Thomson West 2007).

11      Neither York nor any other party has alleged that A&B has a disqualifying interest

12  adverse to the estate, or that A&B is not disinterested.  Thus, the employment of A&B

13  fully comports with Sections 327(a) and (d) of the Code, and the UST is not aware of

14  any contravening statute, bankruptcy rule, local rule, published or unpublished case,

15  Court guideline or UST guideline that would prohibit the Trustee from retaining A&B.

16  Moreover, as York itself concedes, a party's choice of counsel is ordinarily entitled to

17  substantial deference.  See, e.g., In re Valley-Vulcan Mold Co., 237 B.R. 322, 337 (6th

18  Cir. B.A.P. 1999), aff'd., 5 Fed. Appx. 396 (6th Cir. 2001). That deference should be

19  applied here.  York's objection to the employment of A&B, based solely on unwritten

20  and largely inapposite local custom, should be overruled.  Similarly, York's objection to

21  the employment of the Friedman, Dumas & Springwater as the Trustee's local counsel,

22  based on the notion that the San Francisco firm is not "local" enough, should also be

23  overruled.

24      Finally, York states that the Trustee and A&B are "feeding from the same

25  trough," impliedly accusing the Trustee of churning attorneys' fees for the mutual

26  benefit of himself and his firm (Objection, n. 6). However, Section 330 (a) of title 11,

27

28  Reply By UST To Objection
    To Trustee's Proposed Counsel                                    2

1  requiring Court approval for both trustee and professional fees after a noticed hearing,

2  operates as a vital and important check in the bankruptcy system.  This is a high profile

3  case in which Trustee's words and actions are already subject to microscopic scrutiny.

4  It is a virtual certainty that the Court, the UST, and the various energized creditor

5  constituencies will be taking a hard look at the Trustee's administrative fees and costs,

6  and that they will continue to do so until this case is concluded.

7        Based on the foregoing, the Objection To Trustee's Proposed Counsel should be

8  overruled.

9  Dated:  June 12, 2007             Respectfully submitted,

10

11                             _____/s/ Nanette Dumas_____
                           Nanette Dumas
                           Attorney for United States Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Reply By UST To Objection
To Trustee's Proposed Counsel                       3

EDWINA E. DOWELL, #149059
Assistant U.S. Trustee
NANETTE DUMAS, #148261
SHANNON L. MOUNGER-LUM, #208071
Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone:   (408) 535-5525
Fax:          (408) 535-5532

Attorneys for Sara L. Kistler
Acting United States Trustee for Region 17

<div align="center">

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| In re:<br><br>SONICBLUE, INCORPORATED, a Delaware Corporation, DIAMOND MULTIMEDIA SYSTEMS, INC., a Delaware Corporation, REPLAY TV, INC., a Delaware Corporation, and SENSORY SCIENCE CORPORATION, a Delaware Corporation,<br><br><div align="center">Debtors</div> | Case No. 03-51775 MM<br><br>Chapter 11<br><br>Date: March 19, 2007<br>Time: 10:30 a.m.<br>Place: Courtroom 3070<br><br>**CERTIFICATE OF SERVICE** |

     I, the undersigned, state that I am employed in the City of San Jose, County of Santa Clara, State of California, in the Office of the United States Trustee, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 280 South First Street, Suite 268, San Jose, California 95113, that on the date set forth below, I served a copy of the following:

<div align="center">

**REPLY BY UNITED STATES TRUSTEE TO
OBJECTION TO TRUSTEE'S PROPOSED COUNSEL**

</div>

by the following means to the persons listed below:

[X]    ECF System.  See attached Notice of Electronic Filing.

[X]    United States mail, at San Jose, California, addressed to each party listed below:

| | |
|---|---|
| Dennis J. Connolly, Trustee<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424 | Cecily Dumas<br>Friedman Dumas & Springwater LLP<br>150 Spear Street, Suite 1600<br>San Francisco, CA 94105 |

Certificate of Service

| | |
|---|---|
| | Grant Stein<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424 |
| Marcus Smith<br>SONICblue, Inc.<br>7 West 41st Avenue, #74<br>San Mateo, CA 94403 | Michael St. James<br>St. James Law<br>155 Montgomery St. #1004<br>San Francisco, CA 94104 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Jose, California, on June 12, 2007.

By:     /s/ Patricia M. Vargas
        Patricia M. Vargas
        Paralegal Specialist

Certificate of Service

# Exhibit

# 17

1  Michael St. James, CSB No. 95653
   ST. JAMES LAW, P.C.
2  155 Montgomery Street, Suite 1004
   San Francisco, California 94104
3  (415) 391-7566 Telephone
   (415) 391-7568 Facsimile
4  michael@stjames-law.com

5  Counsel for York Credit Opportunities Fund, L.P.

6

7              UNITED STATES BANKRUPTCY COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 In re                              )   Case No.  03-51775 through 03-51778
                                      )   Chapter 11
11 SONICBLUE INCORPORATED et al.      )   DATE:        June 14, 2007
                      Debtor.         )   TIME:        10:30 a.m.
12 _____)   JUDGE:       Hon. Marilyn Morgan

13

14

15

16          SUPPLEMENTAL OBJECTION TO TRUSTEE'S PROPOSED COUNSEL

17

18

19

20

21

22

23

24

25

26

27

28

In his Reply, the Trustee complains that "York did not address or cite to the case law in the area;" Reply, 6:24; and inaccurately suggests that the case law is focused on two very limited concerns: the Trustee's inability to scrutinize his counsel's fees, and the danger that the Trustee will cause counsel to perform the Trustee's duties. Reply, 6:3-20. This Supplement is filed to correct that suggestion.

Decisional law recognizes that something of critical importance is imperiled when the trustee hires his own law firm: the trustee's duties of independence, disinterestedness and loyalty. It is this ethical concern – not the two pragmatic concerns identified by the Trustee – that drives the case law.

> [T]he most overriding concern is the appearance of impropriety that arises when an individual attorney has the dual role of trustee representing the interests of the estate and attorney representing the financial interests of his or her law firm.

Derr & Layden, *Appointing the Trustee's Own Law Firm – Conflict and Cases*, 13 Oct AM. BANKR. INST. J. 26 (1994) (noting that, "[a]s a result of these inherent potential conflicts, one would think that an appropriate circumstance rarely arises in which a trustee could hire his or her firm…").

The resulting rule is straight-forward and well established: "Absent special circumstances a trustee who is a partner of a law firm ought not seek to retain his law firm to represent him in the administration of a large bankruptcy matter." *In re Showcase Jewelry Design, Ltd.*, 166 B.R. 205, 206 (E.D.N.Y 1994), citing *Knapp v. Seligson,*, 316 F.2d. 164 (2nd Cir. 1966). In *Knapp,* Justice Friendly explained the reason

> '[s]uch appointments should be the exception and made only when sound special circumstances justify.'… *The conduct of bankruptcy proceedings not only should be right but must seem right.* Even when litigation is likely to be the trustee's chief responsibility, there must always be doubt whether he can make a truly disinterested determination that his own firm, no matter what its overall merit, is best qualified to be his counsel in the circumstances of the particular case

*Knapp, supra*, 316. F.2d. at 168 (emphasis supplied).

The Second Circuit was more recently called upon to discuss the issue at length *In re Palm Coast, Matanza Shores Limited Partnership*, 101 F.3d 253 (2ⁿᵈ Cir. 1996). Its analysis focused on the law of trusts, noting that it "requires that the trustee *in his role as trustee*, be disinterested and prohibits him from obtaining interests adverse to the estate. *Palm Coast, supra,* 101 F.3d at 258 (emphasis in original). The Panel explained this principle in the language of a Supreme Court decision:

> "Equity tolerates in bankruptcy trustees no interests adverse to the trust. This is not because such interests are always corrupt, but because they are always corrupting." *Mosser v. Darrow*, 341 U.S. 267, 271, 71 S.Ct. 680, 682, 95 L.Ed 927 (1951).

*Id.*

The Second Circuit therefore concluded:

> A trustee who hires his own professional firm to assist him cannot be a 'disinterested person' who has no interests adverse to the estate. Once the trustee's firm is hired by the estate, the trustee's personal interests are implicated. At that point, the trustee's independence and disinterestedness are compromised by a potential conflict of interest.

*Id.* (The Second Circuit acknowledged Section 327(d) as a statutory exception to this broad rule.)

Recognizing that the rule is founded in issues of ethics and the importance of the appearance of propriety to the bankruptcy process, the courts having been sparing in their willingness to apply Section 327(d), noting that "such appointments should be exceptional, and justified by special circumstances"; *In re Gem Tire & Service Co.*, 117 B.R. 874, 879 (Bkrtcy. S.D. Tex. 1990) (holding that "the best interest of the estate test of §327(d) must be clearly demonstrated" at 878, rejecting employment). The statutory exception provided by Section 327(d) "must… be severely limited so as to prevent abuse and the appearance of impropriety." *In re Butler Industries, Inc.* 101 B.R. 194 (Bkrtcy. C.D. Cal. 1989) (rejecting employment) *aff'd* 114 B.R. 695 (C.D. Cal. 1990), quoting with approval *In re Michigan Interstate Railway Co.,* 32 B.R. 325 (Bkrtcy. E.D. Mich. 1983) (rejecting employment).

Ordinarily, case law restricts employment of a trustee's law firm in much the same way that it has been restricted in this District: to small cases in which the estate might not otherwise be represented by counsel. *See*, *In re Interamericas, Ltd.*, 321 B.R. 830, 834 (S.D. Tex. 2005), collecting cases for the

proposition that "most relevant authority – including *Butler* – attempts to limit retention of the trustee's own firm to small cases."  And see *Knapp, supra,* (rejecting employment of the trustee's firm as counsel in "substantial cases").

The only appellate decision on the subject within the Ninth Circuit – the District Court's decision in *Butler, supra* – is instructive.  The Court noted that it is the Trustee's burden to show "cause" why the best interests of the estate are better served by hiring the Trustee's own firm "as opposed to representation by an *independent* law firm."  *Butler, supra*, 114 B.R. at 699 (emphasis supplied).  There, as here, the Trustee argued that retention of his own firm would simply "result in a smoother administration of the estate"; *id.*; an assertion that was found to constitute insufficient "cause."

Rather, the District Court in *Butler*, like other courts and commentators, adopted the Bankruptcy Court's identification of four examples of the sort of unusual circumstances that would constitute good cause to compromise the disinterestedness of the Trustee by permitting him to retain his own law firm as counsel:

1. Where the estate's assets consist principally of causes of action and legal counsel would have to look to recovery for payment of fees;

2. Where there is relatively little legal work to perform and thus it does not merit the effort and expense of hiring an outside law firm;

3. Where a substantial legal action must be taken immediately, and the trustee cannot wait for completion of the appointment process for outside counsel;

4. Where the trustee can demonstrate that such appointment will result in a substantial reduction of costs to the estate.

Derr & Layden, *supra,* 13 Oct AM. BANKR. INST. J. 26; *Butler, supra,* 114 B.R. at 699, n. 1;  *Showcase, supra*, 166 B.R. at 207; Phelan & Penn, *Bankruptcy Ethics, An Oxymoron*, 5 AM. BANKR. INST. L. REV. 1, 40-41 (Spring 1997); Kelbon, Herman & Bell, *Conflicts, the Appointment of "Professionals," and Fiduciary Duties of Major Parties in Chapter 11*, 8 BANKR. DEV. J. 349, 398-400 (1991)

Transparently, *none* of those examples provided by *Butler* and supported in the case law are even remotely applicable here; quite the contrary.

In this case, Trustee's counsel can readily anticipate earning a tremendous amount of fees. After all, counsel for the Debtor in Possession earned $4 million allowing the case to "languish in chapter 11"; Trustee's Reply, footnote 1, quoting the U.S. Trustee. The Trustee and the U.S. Trustee argue that the scrutiny that will be present in this case will prevent Trustee's counsel from overbilling. As the District Court pointed out in *Butler*, "Safeguards against excess fee billing are built into the bankruptcy code. Those safeguards are irrelevant in this instance, however, because the objective is to avoid the potential conflict problem, not to remedy the problem once it is encountered." *Butler, supra*, 114 B.R. at 699.

More than almost any other case, this case cries out for a *truly* disinterested Trustee, nowhere more so than in the multi-million dollar selection of the Trustee's counsel. The Court should take to heart that the Second Circuit's observation that "once the trustee's firm is hired by the estate, the trustee's personal interests are implicated. At that point, the trustee's independence and disinterestedness are compromised by a potential conflict of interest."

The Trustee's perception that the estate's administration will be smoother if he is permitted to work with his law partners is a trifling concern to balance against permitting the Trustee, in a case with this extraordinary past, to commence his administration with his independence and disinterestedness compromised by this "potential conflict of interest."

Respectfully submitted,

DATED:  June 13, 2007                    ST. JAMES LAW, P.C.


By:  _/s/  Michael St. James_ .
      Michael St. James
    Counsel for York Credit Opportunities Fund, L.P.

# Exhibit

# 18

1   ROBERT GREENFIELD (039648)
     FRANK A. MEROLA (136934)
2   K. JOHN SHAFFER (153729)
     GINA NAJOLIA (222067)
3   STUTMAN, TREISTER & GLATT PC
     1901 Avenue of the Stars, 12th Floor
4   Los Angeles, CA 90067
     Telephone:  (310) 228-5600
5   Facsimile:   (310) 228-5788

6   WILLIAM McGRANE (057767)
     BERNARD S. GREENFIELD (066017)
7   McGRANE GREENFIELD LLP
     One Ferry Building, Suite 220
8   San Francisco, CA 94111
     Telephone:  (415) 283-1776
9   Facsimile:   (415) 283-1777

10   Counsel for SonicBlue Claims, LLC

11        UNITED STATES BANKRUPTCY COURT

12        NORTHERN DISTRICT OF CALIFORNIA

13             SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 03-51775 |
| SONICBLUE INCORPORATED, a Delaware corporation; DIAMOND MULTIMEDIA SYSTEMS, INC., a Delaware corporation; REPLAYTV, INC., a Delaware corporation; and SENSORY SCIENCE CORPORATION, a Delaware corporation,<br><br>Debtors | Chapter 11<br><br>SONICBLUE CLAIMS, LLC'S RESPONSE TO (1) OBJECTION TO CHAPTER 11 TRUSTEE'S PROPOSED COUNSEL (2) REPLY BY CHAPTER 11 TRUSTEE, AND (3) REPLY BY UNITED STATES TRUSTEE<br><br>Date:  Thursday, June 14, 2007<br>Time: 10:30 AM<br>Place:  Courtroom 3070, Judge Morgan |

24       In response to (1) the "Objection to the Trustee's Proposed Counsel" filed

25   by York Credit Opportunities Fund, L.P. (Docket No. 2325) (the "Objection"), (2)

26   the "Reply Memorandum of Dennis J. Connolly, Chapter 11 Trustee, In Support

1   of Application to Retain Counsel (Docket No.2343) ( the "Chapter 11 Trustee's

2   Reply"), and (3) the "Reply by the United States Trustee to Objections to

3   Trustee's Proposed Counsel" ( Docket No. 2346) ( the "UST's Reply)," creditor

4   SonicBlue Claims, LLC ("SB Claims") states as follows:

5       SB Claims has no objection to the employment of either Alston & Bird

6   LLP or Friedman Dumas & Springwater LLP by Chapter 11 Trustee Dennis

7   Connolly.  SB Claims, however, notes that all of the references to "an active,

8   sophisticated creditor body" in the Chapter 11 Trustee's Reply at 6:10, and

9   "various energized creditor constituencies" in the UST's Reply at 3:4, are used as

10  justification for allowing the chapter 11 Trustee to hire his own law firm because

11  presumably other parties in interest would scrutinize the legal fees charged and the

12  costs incurred by the chapter 11 Trustee's own law firm.  These references ignore

13  the fact that the US Trustee has not taken any steps to reconstitute the Creditors'

14  Committee.  Instead, SB Claims has been forced to ask the Bankruptcy Court to do

15  so.  See "Motion for Order (1) Directing United States Trustee to Change the

16  Membership of Official Committee of Creditors Holding Unsecured Claims, or (2)

17  Directing the Appointment of a New Trade Creditor Committee" (Docket No.

18  2341) (the "SB Claims' Committee Motion").  The hearing on the SB Claims'

19  Committee Motion has been set for August 3, 2007 at 11:00 a.m.

20      If the chapter 11 Trustee is to be afforded the privilege of hiring his own

21  law firm as his primary counsel, a set of checks and balances in this troubled

22  bankruptcy case is required, including a Creditors' Committee that is truly

23  "active", "sophisticated," and "energized," and given what has transpired in this

24  case over the last several years, reconstituted. The Bankruptcy Court should

25  consider taking up both matters—the appointment of Alston & Bird LLP and the

26  reconstitution of the Creditors' Committee—at the same time, rather than ruling

1    on them piecemeal. This could best be done by an order *sua sponte* shortening

2    time with respect to the Committee Motion, and then continuing the hearing

3    respecting the Objection to that date.

4    DATED: JUNE 13, 2007          STUTMAN TREISTER & GLATT P.C.

5                                                           and
                                                  MCGRANE GREENFIELD LLP

6

7                                         By     /s/ Robert A. Greenfield
                                                  Attorneys for SonicBlue Claims, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Sonicblue Claims, LLC's Response to Objection to Chapter 11 Trustee's Proposed Counsel
416675v1

# Exhibit

# 19

Case 5:07-cv-03483-RMW   Document 5   Filed 09/19/2007   Page 18 of 26
Entered on Docket
June 13, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Michael St. James, CSB No. 95653
   ST. JAMES LAW, P.C.
2  155 Montgomery Street, Suite 1004
   San Francisco, California  94104
3  (415) 391-7566 Telephone
   (415) 391-7568 Facsimile
4  michael@stjames-law.com

5  Counsel for York Credit Opportunities Fund, L.P.

**The following constitutes**
**the order of the court. Signed June 13, 2007**

_Marilyn Morgan_
**Marilyn Morgan**
**U.S. Bankruptcy Judge**

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  In re                            )    Case No.  03-51775 through 03-51778
                                     )    Chapter 11
12  SONICBLUE INCORPORATED et al.    )
                          Debtor.    )    [No Hearing Set]
13  _____)

14

15

16
                     **ORDER GRANTING**
17     **EX PARTE APPLICATION TO PERMIT UNTIMELY OBJECTION**
                **AND TO EXTEND ORAL ARGUMENT**
18

19

20

21

22

23

24

25

26

27

28

Upon consideration of the *ex parte* Application of York Capital Opportunities Fund (hereinafter "York") to permit an untimely Objection to the Trustee's Proposed Counsel and to extend oral argument thereon and the supporting Declaration, it appearing that the Application is reasonable and appropriate under the circumstances, and good cause therefor appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    Under the circumstances, parties in interest have received adequate notice and an opportunity to be heard.

2.    Time be, and it hereby is, extended, such that York's Objection to Proposed Counsel filed on June 7, 2007 shall be, and it hereby is treated as timely and will be considered on the merits.

3.    York shall be permitted to present its oral argument on the Trustee's Applications to Employ Counsel on June 14, 2007 at 10:30 a.m.

\*    \*    \*    END OF ORDER    \*    \*    \*

1

## Court's Service List

2

3

4   Dennis J. Connolly, Trustee
    Alston & Bird LLP
5   One Atlantic Center
    1201 West Peachtree Street
6   Atlanta, Georgia 30309-3424

7

8   Grant Stein, Esq.
    Alston & Bird LLP
    One Atlantic Center
9   1201 West Peachtree Street
    Atlanta, Georgia 30309-3424
10

11

12  Cecily Dumas, Esq.
    Friedman Dumas & Springwater, LLP
    150 Spear Street, Suite 1600
13  San Francisco, CA. 94105

14

15  Nanette Dumas, Esq.
    Office of the United States Trustee
    280 S. First Street, Room 268
16  San Jose, CA 95113

17

18  Michael St. James, Esq.
    ST. JAMES LAW, P.C.
19  155 Montgomery Street, Suite 1004
    San Francisco, California 94104
20

21

22

23

24

25

26

27

28

ORDER GRANTING EX PARTE APPLICATION RE:
TIMING AND SCHEDULING                                    2

# Exhibit

# 20

| 1 | FRIEDMAN DUMAS & SPRINGWATER LLP |
|---|---|

1  FRIEDMAN DUMAS & SPRINGWATER LLP
   CECILY A. DUMAS (S.B. NO. 111449)
2  150 Spear Street, Suite 1600
   San Francisco, CA 94105
3  Telephone Number:  (415) 834-3800
   Facsimile Number:  (415) 834-1044
4
5  ALSTON & BIRD LLP
   GRANT T. STEIN
6  1201 West Peachtree Street
   Atlanta, GA 30309
7  Telephone Number:  (404) 881-7000
   Facsimile Number:  (404) 881-7777
8  (admitted *pro hac vice*)

9  *Attorneys for Dennis J. Connolly in His Capacity as*
   *Chapter 11 Trustee for SONICblue Incorporated, et al.*

**The following constitutes**
**the order of the court. Signed June 21, 2007**

Marilyn Morgan
**Marilyn Morgan**
**U.S. Bankruptcy Judge**
_____

10

## UNITED STATES BANKRUPTCY COURT

11

## NORTHERN DISTRICT OF CALIFORNIA

12

### SAN JOSE DIVISION

13

| | |
|---|---|
| 14  In re | Case Nos. 03-51775 through 03-51778 |
| 15  SONICBLUE INCORPORATED, a Delaware corporation, DIAMOND | Chapter 11 Cases |
| 16  MULTIMEDIA SYSTEMS, INC., a Delaware corporation, REPLAYTV, | Jointly Administered |
| 17  INC., a Delaware corporation, and SENSORY SCIENCE CORPORATION, | **FINAL ORDER AUTHORIZING THE RETENTION OF ALSTON & BIRD LLP** |
| 18  a Delaware corporation, | **AS COUNSEL TO DENNIS J. CONNOLLY, THE CHAPTER 11** |
| 19  Debtors. | **TRUSTEE** |
| 20 | Date:  June 14, 2007 |
| 21 | Time:  1:30 p.m. Place:  280 South First Street |
| 22 | San Jose, CA 95113 |
| 23 | Judge:  Hon. Marilyn Morgan |

24        The application filed May 2, 2007 (the "Application") of Dennis J. Connolly,

25  the Chapter 11 Trustee (the "Trustee") in the above-captioned Chapter 11 bankruptcy cases of

26  SONICblue Incorporated, Diamond Multimedia Systems, Inc., ReplayTV, Inc., and Sensory

27  Science Corporation (collectively, the "Debtors"), requesting the authority to employ Alston

28  & Bird LLP ("A&B") as attorneys for the Trustee in these cases filed pursuant to Chapter 11

of the United States Bankruptcy Code (the "Bankruptcy Code") came on for hearing on June 14, 2007 at 10:30 a.m. and 1:30 p.m. in the above-referenced court. Grant T. Stein, Alston & Bird LLP and Cecily A. Dumas, Friedman Dumas & Springwater LLP appeared on behalf of the Trustee; Michael St. James, St. James Law P.C., appeared on behalf of York Credit Opportunities Fund, L.P. ("York"); Nanette Dumas appeared on behalf of the United States Trustee; other appearances were made as noted in the record of the proceeding.  The Court having found that notice of the Application was adequate under the circumstances; and the Court having entered an Interim Order approving the Application on May 8, 2007, and ordered that a hearing be held on June 14, 2007 on final approval of the Application; the Court having considered the Objection to Trustee's Proposed Counsel (the "Objection") filed by York, the Trustee's Reply Memorandum and Declaration of Dennis J. Connolly in support thereof, the Reply of the United States Trustee, York's Supplemental Objection, and the related submissions, and argument of counsel presented at the hearing; the Court having found that (1) A&B does not hold or represent an interest that is adverse to the estate and is disinterested within the meaning of the Bankruptcy Code, and (2) that the retention of A&B by the Trustee is in the best interests of the estates, it is hereby

ORDERED that:

1. The Objection is overruled;

2. The Application is granted; and

3. The Trustee is authorized, pursuant to Sections 327(a) and 327(d) of the Bankruptcy Code, to retain A&B as of April 17, 2007, the date of the Trustee's appointment, as his attorneys in all matters relating to the performance of his duties as the Chapter 11 Trustee in these cases as set forth in the Application.

///

///

///

///

FINAL ORDER AUTHORIZING RETENTION                         2
OF ALSTON & BIRD LLP
OF ALSTON & BIRD AS COUNSEL

{00300857.DOC v 2}

APPROVED AS TO FORM:

ST. JAMES LAW, P.C.

By: _____
    Michael St. James
    Counsel for York Credit Opportunities
    Fund, L.P.

OFFICE OF THE UNITED STATES TRUSTEE


By: _____
    Nanette Dumas
    Counsel for the United States Trustee




                    ** END OF ORDER **




FINAL ORDER AUTHORIZING RETENTION                    3
OF ALSTON & BIRD LLP
OF ALSTON & BIRD AS COUNSEL

{00300857.DOC v 2}

APPROVED AS TO FORM:

ST. JAMES LAW, P.C.

By: _____
    Michael St. James
    Counsel for York Credit Opportunities
    Fund, L.P.

OFFICE OF THE UNITED STATES TRUSTEE

By: _____
    Nanette Dumas
    Counsel for the United States Trustee

** END OF ORDER **

FINAL ORDER AUTHORIZING RETENTION
OF ALSTON & BIRD LLP
OF ALSTON & BIRD AS COUNSEL

3

{00300857.DOC v 2}

1

<u>COURT SERVIC LIST</u>

2

Ron Bender, Esq.

3

Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Blvd., Suite 1700

4

Los Angeles, California 90067

5

Michael St. James, Esq.

6

St. James Law, P.C.
155 Montgomery Street, Suite 1004

7

San Francisco, CA 94104

8

Office of the U.S. Trustee

9

Nanette Dumas, Esq.
280 South First Street, Room 268

10

San Jose, CA  95113

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28