**E-FILED on** 11/9/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: SONICBLUE INC., et al. | No. C-07-03483 RMW<br><br>ORDER DENYING YORK CREDIT OPPORTUNITIES FUND'S MOTION FOR LEAVE TO APPEAL |

Appellant York Credit Opportunities Fund, L.P. ("York") moves for leave to appeal the bankruptcy court's order approving the trustee's selection of his law firm as counsel over York's objections. Dennis J. Connolly, the Chapter 11 Trustee, ("Trustee") and the United States Trustee oppose York's motion. The court has read the moving and responding papers and considered arguments of counsel presented at a hearing on November 2, 2007. For the reasons set forth below, the court denies York leave to appeal.

## I. BACKGROUND

This appeal arises out of purportedly the largest bankruptcy pending in the Northern District of California. On March 21, 2003, SONICblue, Inc. and its three subsidiaries, Diamond Multimedia Systems, Inc., ReplayTV, Inc., and Sensory Science Corp., (collectively, "SONICblue") filed

ORDER DENYING YORK CREDIT OPPORTUNITIES FUND'S MOTION FOR LEAVE TO APPEAL —No. C-07-03483 RMW
TSF

Chapter 11 petitions, which have since been jointly administered. Memorandum Decision and Order on Motion to Appoint a Chapter 11 Trustee, Motion to Convert Case, and Motion to Disqualify Pillsbury Winthrop Shaw Pittman LLP and for Disgorgement of Attorneys' Fees, Case Nos. 03-51775, 03-51776, 03-51777 and 03-51778-MM at 3 (Bankr. N.D. Cal. Mar. 26, 2007). Over the course of the next four years, egregious conflicts of interest came to light, culminating in a motion by the United States Trustee to disqualify the debtors' counsel and to request appointment of an independent trustee. *See generally id.* at 2-13. The bankruptcy court explained that these conflicts "resulted in the complete breakdown of creditor confidence." *Id.* at 1. Citing "substantial concerns" and a need to "restore creditor confidence in the bankruptcy system and to assure that there is no lingering taint from PWSP's representation of the debtor," the court ordered the appointment of a "strong, neutral trustee, who has no connections to any interested party." *Id.* at 16. Per the court's order, the United States Trustee appointed Dennis J. Connolly of Alston & Bird LLP to serve as trustee to SONICblue. Notice of Appointment of Chapter 11 Trustee, Case No. 03-51775 (Bankr. N.D. Cal. April 16, 2007). The court approved the appointment the next day. Order Approving Appointment of Chapter 11 Trustee, Case No. 03-51775 (Bankr. N.D. Cal. April 17, 2007).

Around two weeks later, the Trustee applied to the court for authorization to appoint his law firm, Alston & Bird LLP, as trustee's counsel. In his application, the Trustee gave the following reasons for selecting Alston & Bird as trustee's counsel.[1] First, the Trustee explained that "this is a very complex case from the perspective of the issues that remain." Application for an Order Authorizing Retention, Case Nos. 03-51775, 03-51776, 03-51777 and 03-51778-MM at 3 (Bankr. N.D. Cal. May 2, 2007). ¶ 5. These issues include the need for an investigation of the facts and issues surrounding Pillsbury's disqualification from representing SONICblue and any resulting appropriate action. *Id.* In addition to this sensitive investigation and possible litigation, the Trustee also identified the need for counsel to help determine "claims allowance, distributions to creditors, and plan confirmation." *Id.* ¶ 6. Accordingly, the Trustee believed that the need for a "strong trustee

---

[1] Because the court later relied on the record for its finding that Alston & Bird was qualified and in the best interest of the estate, it is necessary to explain the contents of the Trustee's motions and declarations.

with the appropriate qualifications and without connections to this case and this legal community" applied equally to his choice of counsel. *Id.* ¶ 5.

To assist him, the Trustee selected his law firm, Alston & Bird, and in particular, three attorneys: Neal Batson, Steve Collins, and Grant Stein. *Id.* ¶ 7. These attorneys each possess specialized skills that will aid the Trustee through this bankruptcy. Mr. Batson has served as an examiner in many high-profile cases and will assist in determining SONICblue's strategy. *Id.* ¶ 8. Mr. Collins is Alston & Bird's ethics partner and his expertise will help the Trustee evaluate possible claims against SONICblue's counsel. *Id.* ¶ 9. Mr. Stein is the head of Alston & Bird's bankruptcy practice and will help oversee negotiations and secure confirmation of a plan for exiting the bankruptcy. *Id.* ¶ 10. The Trustee submitted that the "extreme importance" of this case required retention of attorneys in whom he has "full and complete confidence" and that "alternative counsel would not be best suited to assist the Trustee in completing his job." *Id.* ¶ 11. The Trustee has agreed to pay Alston & Bird its standard hourly rates. *Id.* ¶ 12. These hourly rates vary, from $750 for Batson, $660 for Collins, and $625 for Stein, to $320-$430 for their associates. *Id.* The paralegal's standard hourly rate is $160. *Id.*

The court approved the appointment on an interim basis on May 9, 2007 and scheduled a hearing on the appointment on June 14, 2007. Interim Order Authorizing Retention of Alston & Bird LLP, Case No. 03-51775 (Bankr. N.D. Cal. May 9, 2007). The order set May 31, 2007 as a deadline for objections. *Id.* at 3. York filed untimely objections to the appointment on June 7, 2007, which the bankruptcy court permitted. In responding to the objection, the Trustee filed a reply that expanded on his retention application. *See* Connolly Decl., Case Nos. 03-51775, 03-51776, 03-51777 and 03-51778-MM (Bankr. N.D. Cal. June 12, 2007). In particular, the Trustee emphasized Batson and Collins' involvement in examining the conduct of attorneys in the Enron bankruptcy. *Id.* ¶ 9. The Trustee noted that "[a]lthough there are a number of lawyers throughout the country who have been involved in significant investigations and examination, I do not believe that those lawyers have been involved in quite the same qualitative analysis of the conduct of attorneys as that in the Enron investigation." *Id.* ¶ 10. How the Enron and SONICblue bankruptcies are similar is not explained in the declaration. Beside their experience, the Trustee noted a few additional reasons for

1  retaining Alston & Bird.  The Trustee explained that, "[a]s a matter of logistics, the retention of
2  A&B certainly reduces the time needed to educate another firm as to the approach to the litigation
3  investigation, as to the way in which the cases are to be handled, and, simply put, the way in which
4  the Trustee would propose to proceed.  Thus, from an efficiency standpoint the retention of A&B
5  presents a significant advantage." *Id.* ¶ 11.  Finally, the Trustee explained that "my judgment was
6  that the rates for the A&B lawyers are competitive, if not significantly so, to any lawyers in New
7  York, Washington D.C., Chicago, Dallas or Houston." *Id.* ¶ 12.  The declaration does not disclose
8  what the rate structure would be for a team of bankruptcy attorneys in the listed cities, nor does it
9  state that the Trustee solicited any firm other than Alston & Bird.  *Id.*[2]

10  At the hearing, the court heard argument from York, the Trustee, the United States Trustee,
11  and another creditor, SONICblue Claims.  *See generally* Tr. of June 14, 2007 Hearing at 6-22.  Only
12  York objected to the Trustee's selection of counsel.  The United States Trustee remarked that "the
13  U.S. Trustee in this instance regards [Trustee selecting his own firm as counsel] as an asset, not a
14  liability, because Alston and Bird, the law firm, has those same skills as Mr. Stein [the Trustee's
15  counsel] has described.  So we think it's a plus for the estate under these particular circumstances to
16  have Alston and Bird serve as trustee's counsel." *Id.* at 17:12-18.  The court then noted the
17  importance of allowing the trustee the privilege of selecting his own counsel. at 20:15-21:4.  The
18  court also noted that "It's clear from the record that Alston and Bird is qualified.  And it's certainly
19  clear from the record that this is an extraordinary case that does require maybe special handling."
20  *Id.* at 21:5-9.  After temporarily adjourning, the court found that retaining Alston & Bird was in the
21  best interest of the estate and approved the retention application.  *Id.* at 24:16-20.  A week later the
22  court entered a final order authorizing Alston & Bird's retention as trustee's counsel.  Final Order
23  Authorizing Retention of Alston & Bird LLP, Case No. 03-51775 (Bankr. N.D. Cal. June 21, 2007)
24  ("Final Retention Order").  The final order reiterated the court's findings that (1) Alston & Bird is

---

[2] The Trustee received solicitations from unnamed California law firms, but the Trustee chose not to consider any West Coast counsel "as that may have created an entirely different set of issues with connections with counsel for the various parties as well as the parties themselves." Connolly Decl., ¶ 12.

ORDER DENYING YORK CREDIT OPPORTUNITIES FUND'S MOTION FOR LEAVE TO APPEAL —No. C-07-03483 RMW TSF
4

**United States District Court**
For the Northern District of California

disinterested and (2) that retaining A&B as trustee's counsel is in the best interest of the estate. *Id.* at 2.

York now moves to appeal the bankruptcy court's final order authorizing the retention of Alston & Bird, arguing that the retention is not in the best interests of the estate.

## II.  ANALYSIS

### A.  Leave to Appeal

York notes that the bankruptcy court's order authorizing the retention of Alston & Bird was interlocutory, which neither the Trustee nor the United States Trustee dispute. The Ninth Circuit has held that an order concerning an appointment of counsel is an interlocutory order. *In re S.S. Retail Stores Corp.*, 162 F.3d 1230, 1232 (9th Cir. 1998) (per curiam).

The district court may grant its leave to review the bankruptcy court's interlocutory orders. 28 U.S.C. § 158(a)(3). In exercising its discretion under this section, the court may grant leave "to avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law and an immediate appeal would materially advance the ultimate termination of the litigation." *In re Belli*, 268 B.R. 851, 858 (9th Cir. BAP 2001); *In re Roderick Timber Co.*, 185 B.R. 601, 604 (9th Cir. BAP 1995). This understanding of the court's discretion comes from similar case law interpreting 28 U.S.C. § 1292(b), the provision allowing circuit courts to review interlocutory orders certified by the district court for appeal. *In re Belli*, 268 B.R. at 858.

The issue presented by this motion is whether there is a meritorious question of whether the bankruptcy court abused its discretion in authorizing the retention of Alston & Bird. After reviewing the bankruptcy court's order and the extensive record of the proceedings below,[3] the court finds that there is no meritorious question, as explained below. Accordingly, the court denies York leave to appeal the bankruptcy court's order authorizing the appointment.

### B.  Scrutinizing the Trustee's Retention of Alston & Bird

A trustee may appoint attorneys to represent the estate or assist the trustee with court approval. 11 U.S.C. § 327(a). If the trustee wishes to appoint his own law firm, however, the court

---

[3] At the hearing, both York and the Trustee conceded that the record for appeal is complete and essentially briefed. Little additional insight to whether the bankruptcy court abused its discretion would be gleaned from further briefing.

must find that doing so would be "in the best interest of the estate." 11 U.S.C. § 327(d); Kathryn J. Derr & Angela K. Layden, *Appointing the Trustee's Own Law Firm – Conflicts and Cases*, 13-OCT Am. Bankr. Inst. J. 26 (1994). When a trustee wishes to appoint his own law firm, he should provide notice to creditors and the court should hold a hearing on the issue, as the court did in this case. *See In re Butler Indus., Inc.*, 101 B.R. 194, 197 (Bankr. C.D. Cal. 1989), *aff'd* 114 B.R. 695 (C.D. Cal. 1990).

While the case law interpreting "best interests" for the purposes of section 327(d) is sparse, the issue of a trustee selecting his own firm to represent the debtor existed before the Bankruptcy Code's passage. Judge Friendly remarked that "we do not think the retainer of a trustee's own firm is a practice to be encouraged in substantial estates." *In re Ira Haupt & Co.*, 361 F.2d 164, 168 (2d Cir. 1966). The court further explained its policy concerns:

> The reasons are plain enough. The conduct of bankruptcy proceedings not only should be right but must seem right. Even when litigation is likely to be the trustee's chief responsibility, there must always be doubt whether he can make a truly disinterested determination that his own firm, no matter what its overall merit, is best qualified to be his counsel in the circumstances of the particular case. [. . .] Some creditors may doubt, as here, whether a trustee is able to take quite the same objective and critical attitude toward the amount and quality of effort being put forward by his own law firm that he would toward another. On the other hand, in contrast to the situation in this case, there may be instances where creditors would believe the relationship had caused a trustee to be overly litigious. Finally, even the most experienced attorney who becomes a trustee in a complicated bankruptcy can benefit from the advice of an independent general counsel; we need not go so far as the familiar adage concerning self-representation by a lawyer to say that a second head is not without value in such matters simply because the first is exceedingly good.

*Id.* at 168-69; *accord SEC v. Kenneth Bove & Co., Inc.*, 451 F. Supp. 355, 358 (S.D.N.Y. 1978). In sum, the court noted a number of reasons that counsel against a trustee selecting his own firm as counsel, from the appearance of impropriety and maintaining creditor confidence to ensuring high-quality representation.

The overhaul of the bankruptcy law changed the underlying substantive provisions, but not the issue to be considered. In denying an application for a trustee to act as counsel, the bankruptcy court for the Eastern District of Michigan suggested that use of section 327(d) should be "severely limited so as to prevent abuse and the appearance of impropriety." *In re Michigan Interstate Railway Co., Inc.*, 32 B.R. 325, 326 (Bankr. E.D. Mich. 1983). The court believed the practice could only be salutary for "estates of modest assets" where the appointment would be "more

efficient and less troublesome." In major bankruptcies with difficult issues, the court considered appointing a trustee's firm as his own counsel "a very questionable practice." *Id.*

The bankruptcy court for the Central District of California echoed these sentiments in a large manufacturer bankruptcy. *In re Butler Indus., Inc.*, 101 B.R. 194 (Bankr. C.D. Cal. 1989); *aff'd* 114 B.R. 695 (C.D. Cal. 1990). In *Butler*, the trustee argued that he should receive wide latitude in choosing his attorney. 101 B.R. at 196. The court disagreed, noting that 327(d) imposes a higher standard. *Id.* The court suggested four illustrative situations that might justify appointing the trustee's own law firm: (1) where the estate mainly consists of causes of action and counsel would have to be paid out of any recoveries, (2) where there is not enough legal work to justify the cost of outside counsel, (3) where substantial legal actions must occur immediately to preserve the estate, or (4) where self-appointment will lead to a "substantial" reduction in costs to the debtor. *Id.* at 197. Again, the court recognized a policy of "limit[ing] severely" the use of the trustee's firm as counsel. *Id.* The district court reviewed the "illustrations" provided by the bankruptcy court, and affirmed. 114 B.R. at 699.

A more recent case proposed an alternate interpretation of the "best interest of the estate" in 327(d). *In re Interamericas, Ltd.*, 321 B.R. 830 (Bankr. S.D. Tex. 2005). The court in *Interamericas* noted that "most relevant authority – including *Butler* – attempts to limit the retention of the trustee's own firm to small cases." *Id.* at 834 (collecting cases). The court considered this approach impossible to reconcile with the plain text of "best interest," and so proposed the following nine-plus factor test to decide whether appointing the trustee's firm as counsel is in the estate's best interest:

> 1. The qualifications of the members of the firm compared to the complexity of the case;
>
> 2. Whether the firm is regularly hired by others to handle similar litigation;
>
> 3. Whether the anticipated litigation predominantly involves issues of bankruptcy law with which the law firm has particularized expertise;
>
> 4. Whether the time commitment required to handle the case is consistent with the size of the firm and the balance of the firm's time commitments;
>
> 5. Whether only a nominal amount of work must be performed;
>
> 6. The availability of other qualified firms to handle the case;

ORDER DENYING YORK CREDIT OPPORTUNITIES FUND'S MOTION FOR LEAVE TO APPEAL —No. C-07-03483 RMW TSF
7

7. The rates charged by the firm compared to the rates charged by other qualified firms;

8. Whether there will be material cost savings to the estate; and

9. Other case-specific factors.

*Id.* Both the *Interamericas* and *Michigan Interstate/Butler* decisions share a common emphasis of requiring the trustee to demonstrate the wisdom of appointing his own firm counsel. While the lines of cases differ in the illustrations they provide, a general concept emerges from all of them: absent a showing of substantial savings and/or efficiencies, appointment of a trustee's own law firm as counsel is not in the estate's best interest.

York argues in support of its motion that the bankruptcy court abused its discretion in finding that the Trustee had made such a showing. The court disagrees. The hearing transcript of the bankruptcy court's factual findings notes that, "It's clear from the record that Alston and Bird is qualified. And it's certainly clear from the record that this is an extraordinary case that does require maybe special handling." Tr. of June 14, 2007 Hearing at 21:5-9. As summarized in the background section above, the Trustee's chosen counsel have excellent reputations and rare experience in handling difficult bankruptcy cases. The court also notes that York does not challenge Alston & Bird's qualifications. Upon reviewing the Trustee's submissions in support of his choice of Alston & Bird, the bankruptcy court did not err in concluding that the law firm is qualified to assist in this case.

The bankruptcy court was also correct in finding that this is an extraordinarily delicate case. While the appointment of a trustee's own law firm is generally a "very questionable" practice because of the danger of self-dealing, the bankruptcy court did not abuse its discretion in finding that the nature of this case justified departing from that general rule. Over these bankruptcy proceedings, the Trustee will have to review hundreds of thousands of privileged documents and exercise judgment in deciding what, if any, claims to bring against various attorneys who previously participated in the bankruptcy. This difficult investigation will require countless judgment calls, for which the Trustee will have to solicit counsel's advice. In this extraordinary situation, the bankruptcy court did not abuse its discretion in finding that it will be in the estate's best interest for the Trustee to rely on his partners and associates in handling these tasks. By using his firm, the

1 Trustee will not have to "educate another firm as to [his] approach to the litigation" or "the way in
2 which the Trustee would propose to proceed." Connolly Decl., ¶ 11. The bankruptcy court did not
3 abuse its discretion in finding that the Trustee's comfort with and knowledge of his firm's attorneys
4 would present a "significant advantage" from an "efficiency standpoint." *Id.*; *see* Tr. of June 14,
5 2007 Hearing at 21:5-9 (citing record).

6 York argues that leave to appeal should be granted because the bankruptcy court applied the
7 wrong standard for determining "best interest," based on the bankruptcy court's citation of *In re*
8 *Mandell*, 69 F.2d 830 (2d Cir. 1934). *See* Tr. of June 14, 2007 Hearing, 20:18-21:4. In *Mandell*, the
9 court appointed an attorney for the trustee against the trustee's wishes. 69 F.2d at 831. The court
10 would not completely rule out appointing counsel for the trustee over the trustee's objections, but
11 generally considered it "inimical to good administration." *Id.* In the end, the case stands for the
12 proposition that the court should not interfere with the trustee's choice of counsel, but that the court
13 should let the trustee make the selection of counsel in the first instance. *Id.* ("[A conflict] may have
14 justified the court in declining to approve their employment, but no reason appears why the trustee
15 should not have been allowed to nominate another attorney satisfactory both to himself and to the
16 court.").

17 *Mandell*'s statement that "only in the rarest of cases should the trustee be deprived of the
18 privilege of selecting his own counsel," *id.*, was made in a context very different from the one here.
19 However, the court does not believe the bankruptcy court relied on *Mandell* for its legal standard,
20 but for its policy emphasizing the "personal faith and confidence" a trustee must have in his counsel
21 and the "highly confidential" nature of their relationship. *See* Tr. of June 14, 2007 Hearing, 20:23-
22 21:4. The court is confident that the bankruptcy court applied the proper, section 327(d) standard
23 because the bankruptcy court later made an explicit finding that the representation was "clearly" in
24 the best interest of the estate. *Id.* at 24:17-20. The bankruptcy court reiterated that finding, and
25 made no mention of *Mandell*, in its written final order authorizing the retention. Final Retention
26 Order at 2.

27 Given that the Trustee is trying to extract this bankruptcy proceeding from a "complete
28 breakdown of creditor confidence," the decision to appoint his own law firm does present some

ORDER DENYING YORK CREDIT OPPORTUNITIES FUND'S MOTION FOR LEAVE TO APPEAL —No. C-07-03483 RMW
TSF                                                                9

1 concern. Nevertheless, the bankruptcy court approved the appointment based on a detailed record,
2 which included a thorough explanation of the Trustee's reasoning and the explicit endorsement of
3 the United State Trustee. In light of such substantial evidence of Alston & Bird's qualifications and
4 integrity, the court cannot find merit in questioning whether the bankruptcy court abused its
5 discretion in approving their retention in this extraordinary case.

### III.  ORDER

For the foregoing reasons, the court denies York leave to appeal. The clerk may close the file.

DATED:     11/9/07

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Appellant, York Credit Opportunities Fund L.P.:**

Michael St. James    ecf@stjames-law.com
Michael St. James    Michael@stjames-law.com

**Counsel for Appellee, Dennis J. Connolly:**

Robert Edward Clark    rclark@friedumspring.com
Cecily A. Dumas    cdumas@friedumspring.com

**Counsel for Debtor, SONICblue, Inc.:**

Austin K. Barron    abarron@omm.com
Richard Alan Rogan    rrogan@jmbm.com

**Counsel for Office of the U.S. Trustee:**

Todd Morris Arnold    tma@lnbrb.com

**Notice of this document has been mailed to:**

**Counsel for Office of the U.S. Trustee:**

Nannette Dumas
Office of the U.S. Trustee
280 South First Street
#268
San Jose, CA 95113

Shannon L. Mounger-Lum
Office of the U.S. Trustee
280 South First Street
Suite 268
San Jose, CA 95113-0002

**Counsel for Debtor-in-Possession, Sonicblue Inc.:**

Mark Porter
Law Offices of Fenwick and West
275 Battery Street
#1500
San Francisco, CA 94111

Matthew A. Gold
Argo Partners
12 W 37th Street
9th Floor
New York, NY 10018

Anne E. Wells
Levene Neale Bender Ranklin & Brill LLP
10250 Constellation Blvd.
#1700
Los Angeles, CA 90067

ORDER DENYING YORK CREDIT OPPORTUNITIES FUND'S MOTION FOR LEAVE TO APPEAL —No. C-07-03483 RMW
TSF    11


**U.S. Bankruptcy Court**

Marilyn Morgan
U.S. Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113

**USBC Manager-San Jose**

USBC Manager-San Jose
US Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   11/9/07                                             TSF
                                                    **Chambers of Judge Whyte**